Filed 2/20/15

<u>CERTIFIED FOR PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARTA RODRIGUEZ, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> THOMAS BRILL, <br><br> Defendant and Respondent. | F068518 <br><br> (Super. Ct. No. CV259482) <br><br><br> **OPINION** |

APPEAL from order of the Superior Court of Kern County. Sidney P. Chapin, Judge.

SD Smith, Esquire, PLLC and Steven D. Smith for Plaintiff and Appellant.

Clifford & Brown and Robert D. Harding for Defendant and Respondent.

-ooOoo-

Plaintiff Marta Rodriguez appeals from the denial of her motion for relief from judgment, which was brought under the mandatory provisions of Code of Civil Procedure section 473, subdivision (b) (section 473(b)). The judgment was entered in favor of defendant Thomas Brill after the trial court dismissed Rodriguez's complaint as a sanction for her failure to respond to discovery requests and to comply with an order compelling her to do so.

In an earlier appeal, we concluded the trial court did not abuse its discretion when it granted a terminating sanction and affirmed the judgment of dismissal. (*Rodriguez v. Brill* (Feb. 1, 2013, F063770) [nonpub. opn.].)**1** However, we did not reach the question whether Rodriguez was entitled to relief from the judgment of dismissal under the mandatory provisions of section 473(b), for inexcusable failures of her attorney. We remanded to permit the trial court to reconsider the motion for relief. The trial court did so and its new order denying the motion is the subject of this appeal.

The parties' contentions present conflicting interpretations of the mandatory relief provision in section 473(b). We resolve those issues by adopting the following interpretations.

First, a judgment of dismissal that implements a terminating sanction for discovery abuse is a "dismissal entered" for purposes of section 473(b). Therefore, Rodriguez may apply for mandatory relief from the judgment of dismissal entered against her.

Second, the statutory phrase "unless the court finds" is ambiguous and we interpret it to require an *explicit* finding by a court that denies mandatory relief. Here, the reporter's transcript and the written order prepared by defense counsel do not contain the required finding.

Third, we assume for purposes of this appeal that mandatory relief under section 473(b) is not available when a client's negligence or willful misconduct is a contributory cause of the terminating sanction. Based on the conduct described in the motion for a terminating sanction, the grounds listed in the court's order granting the terminating sanction, and the record before us, we conclude that Rodriguez's conduct was not a

---

**1** Our earlier opinion adopted the convention of using "Rodriguez" to refer to Marta Rodriguez and her attorney collectively. Our use of the convention should not be interpreted to mean that we found Rodriguez was involved personally in her attorney's failures to respond to discovery.

2

contributing cause of the terminating sanction. Thus, Rodriguez is eligible for mandatory relief, provided she satisfies the other statutory requirements.

Fourth, for purposes of section 473(b), we conclude an application for relief from a terminating discovery sanction is "in proper form" if (1) verified discovery responses are delivered to opposing counsel before the hearing on the application for relief and (2) the content of those responses substantially complies with applicable requirements. Here, Rodriguez's proposed discovery responses substantially complied with the statute.

Based on the foregoing, and her attorney's declarations of fault, Rodriguez was entitled to relief from the judgment resulting from the terminating sanction.

We therefore reverse the judgment and underlying order denying the motion for relief.

## FACTUAL AND PROCEDURAL SUMMARY[2]

Brill is an attorney in the Bakersfield area. He and Rodriguez lived together as husband and wife for a number of years. When they separated, Rodriguez filed this action in 2006 against Brill, asserting that Brill promised to support her for the rest of her life and, in exchange, she gave up many opportunities to obtain the education and training she would need to support herself.

A jury trial commenced in November 2009. However, a mistrial was declared after a witness called by Rodriguez volunteered information that had been ruled inadmissible in a motion in limine. The trial was rescheduled, but the trial court specifically prohibited additional discovery.

---

**2**    This summary appears in this court's opinion in *Rodriguez v. Brill, supra,* F063770, except that we have added a few details, corrected information about verifications to the August 2011 discovery responses, and included three new paragraphs under the subheading "*Remand and Subsequent Appeal.*"

3

When the second trial commenced in November 2010, the trial court concluded that its order prohibiting additional discovery had been erroneous. It then gave the parties the option of proceeding to trial or continuing the trial and conducting additional discovery. Rodriguez elected to continue the trial. This decision started in motion the following events, which are chronicled in the record before us.

On December 17, 2010, Brill served on Rodriguez a set of special interrogatories, commonly referred to as contention interrogatories, asking Rodriguez to state all facts that supported the contentions in her complaint, name all the individuals who could testify about those facts, and identify the documents that supported those contentions. At the same time, Brill also served on Rodriguez a request for production of documents seeking the documents that supported her contentions.

On January 19, 2011, Brill's counsel granted Rodriguez an extension to January 31, 2011, to respond to these discovery requests, which was confirmed by a letter dated January 20, 2011. Another extension was granted to February 23, 2011.

Rodriguez failed to respond to the discovery requests and on March 7, 2011, Brill filed a motion to compel responses to both requests (hereafter the motion to compel), with a hearing scheduled for April 4, 2011.

Rodriquez did not oppose the motion to compel, nor did she appear at the hearing. The trial court granted the motion and ordered Rodriguez to serve responses, without objection, within 10 days of service of the notice of the order. The notice of order was served on April 4, 2011.

Rodriguez did not respond to this order and on April 18, 2011, Brill filed a motion seeking either evidentiary sanctions or dismissal of the action (hereafter motion for dismissal) as a sanction for Rodriguez's failure to respond to the discovery requests and failure to comply with the order of the trial court. A hearing was set for May 11, 2011.

4

Instead of filing an opposition to the motion for dismissal, Rodriguez filed a document entitled "Notice of Motion and Motion in Opposition to Defendant's Motion for Dismissal and/or Evidentiary Sanctions," seeking relief under section 473(b), which apparently was treated by all parties as an opposition to Brill's motion. Brill filed a timely reply. The day before the May 11 hearing, after normal office hours, Rodriguez served a proposed response to the interrogatories (via e-mail), but failed to respond in any manner to the request for production of documents. Counsel for both parties attended the hearing. The matter was taken under submission.

On May 16, 2011, the trial court granted the motion for dismissal and ordered the complaint stricken as a sanction against Rodriguez for failing to respond to discovery. Judgment was entered accordingly.

On or about July 13, 2011, Rodriguez filed a motion for relief from the judgment pursuant to section 473(b) (hereafter motion for relief), asserting that the failure to respond to the discovery and the trial court's order dismissing the action was the result of the neglect of her attorney. Plaintiff's papers included a declaration of her counsel acknowledging his negligence. Brill opposed the motion, arguing that plaintiff's counsel never made any "substantive admission of neglect." Brill's counsel's opposing declaration focused on Plaintiff's counsel's inexcusable conduct, without mentioning any acts by Rodriquez, personally. Rodriguez filed an untimely reply and, the day before the August 10, 2011, hearing, served defense counsel with verified answers to the special interrogatories and a verified response to the request for production of documents.[3]

---

**3**    The appellant's appendix contains a copy of Rodriguez's answers to the special interrogatories. The copy is dated August 8, 2011, and includes an unsigned verification. Appellant's appendix also contains a copy of her response to the request for production of documents. The copy is dated August 9, 2011, and does not include a verification, blank or otherwise. However, despite the lack of verifications in the appellate record, defense counsel acknowledged receiving discovery responses that were verified in (1) statements made at the August 10, 2011, hearing and (2) Brill's sur-reply to the motion

On August 10, 2011, the trial court held a hearing on the motion for relief. It accepted for consideration Rodriguez's late filed reply but provided Brill an opportunity to file a response to the reply, without further hearing.

On October 13, 2011, Rodriguez filed a notice of appeal from "dismissal as discovery sanction under CCP 2023.030, constructive denial of [the] 7/15/2011 motion to vacate."

On November 3, 2011, the trial court denied Rodriguez's motion for relief from the judgment.

*Remand and Subsequent Appeal*

On February 1, 2013, this court filed an unpublished opinion in *Rodriguez v. Brill*, *supra,* F063770, which addressed two main issues. First, we concluded the trial court did not abuse its discretion in granting the terminating sanction and affirmed the judgment dismissing Rodriguez's action. Second, we concluded the trial court lacked subject matter jurisdiction when it filed the November 3, 2011, order denying Rodriguez's motion for relief, because that order came after Rodriguez had filed her notice of appeal. As a result, we concluded the order was void and remanded the matter for the trial court to consider and rule upon Rodriguez's motion for relief pursuant to section 473(b).

On August 30, 2013, the trial court signed and filed an order prepared by defense counsel. The order stated: "Plaintiff's Motion is denied." It also ordered the entry of judgment in favor of Brill and against Rodriguez. The order contained no findings.

Rodriguez appealed.

---

for relief, which was dated August 17, 2011. Thus, the factual representation in respondent's brief that the responses were unverified is not accurate.

**DISCUSSION**

I.      RELIEF UNDER SECTION 473

Section 473(b) provides for both discretionary and mandatory relief from judgments, defaults and dismissals in certain circumstances. This appeal concerns mandatory relief based on an attorney's sworn statement of fault.

A.      Statutory Language

The mandatory relief provision in section 473(b) was added in 1988 and expanded in 1991 and 1992. (See 8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 192, pp. 792-793.) The mandatory relief provision acts as a "narrow exception to the discretionary relief provision for default judgments and dismissals. [Citation.]" (*Zamora v. Clayborn Contracting Group*, *Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*).) The provision states in relevant part:

> "Notwithstanding any other requirements of this section, the court *shall*, whenever an application for relief is made no more than six months after entry of judgment, is *in proper form*, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any … resulting default judgment or *dismissal entered* against his or her client, *unless the court finds* that the default or dismissal was not *in fact caused* by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473(b), italics added.)

The purpose of this mandatory relief provision is to alleviate the hardship on parties who lose their day in court due to an inexcusable failure to act by their attorneys. (*Zamora*, *supra*, 28 Cal.4th at p. 257.) More recently, the Court of Appeal has stated the purpose was to relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits. (*SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, 516 (*SJP Limited*).)

7

B.    Questions of Statutory Construction

The contentions of the parties have raised four questions of statutory construction involving the text of the mandatory relief provision in section 473(b).

First, is the mandatory relief provided by section 473(b) available when a judgment of dismissal is entered as a terminating sanction for discovery abuse?

Second, are trial courts required to make explicit findings when they deny mandatory relief? The statutory text in question provides that a dismissal shall be vacated when the application is accompanied by an attorney's sworn statement of fault "*unless the court finds* that the … dismissal was not in fact caused by the attorney's mistake … or neglect." (§ 473(b), italics added.) The statutory phrase "unless the court finds" is ambiguous because it can be interpreted to require an explicit finding or, alternatively, to allow the finding to be implied.

The third issue of statutory construction relates to the scope of the causal requirement included in the phrase "dismissal was not in fact caused by the attorney's [fault]." (§ 473(b).) Should this phrase be interpreted to mean mandatory relief is not available when a client's negligence or willful misconduct is a contributing cause of the dismissal? The courts of appeal have taken different approaches to the dual causation question. (See *Gutierrez v. G & M Oil Co., Inc.* (2010) 184 Cal.App.4th 551, 557-558 [discussing different views in other published cases].)

The fourth issue of statutory construction is whether section 473(b)'s requirement that the "application for relief" be "in proper form" means verified discovery responses must be served with a motion for mandatory relief from a terminating sanction when that sanction was based on the failure to respond to discovery.

C.    Principles of Statutory Construction

A reviewing court's fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. (*Honchariw v.*

8

*County of Stanislaus* (2011) 200 Cal.App.4th 1066, 1073.) This task begins by scrutinizing the actual words of the statute, giving them their usual, ordinary meaning. (*Ibid.*)

When statutory language is susceptible to more than one reasonable interpretation, it is regarded as ambiguous and courts must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences. (*Honchariw v. County of Stanislaus*, *supra*, 200 Cal.App.4th at p. 1073.) Courts determine the apparent intent of the Legislature by evaluating a variety of extrinsic aids, including the ostensible objects to be achieved by the statute, the evils to be remedied, the statute's legislative history, and public policy. (*Ibid.*) Furthermore, ambiguous language must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [ambiguous language is read in light of the statutory scheme, rather than in isolation].)

These general rules of statutory construction are supplemented by principles specifically applicable to section 473. The California Supreme Court has directed that the provisions of section 473 "are to be liberally construed" to implement the policy that favors the determination of actions on their merits. (*Zamora*, *supra*, 28 Cal.4th at p. 256; *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1778 [well recognized policy to liberally construe remedial statutes].)

D.     The Terminating Sanction Was a "Dismissal"

Brill contends that a dismissal entered as a terminating sanction for failure to comply with a discovery order is not the type of "dismissal" for which mandatory relief under section 473(b) is available. We disagree.

9

When the requisite sworn statement of attorney fault is presented, the court shall "vacate *any* … resulting default judgment or *dismissal entered* against his or her client." (§ 473(b), italics added.)[4]

Here, Brill's motion was labeled a motion for dismissal as a terminating sanction and it asked the court to "dismiss Plaintiff's action against Defendant." The trial court granted the motion and ordered the complaint stricken as a sanction against Rodriguez for failing to respond to discovery. As a result, a June 9, 2011, "JUDGMENT OF DISMISSAL AS A TERMINATING SANCTION" was filed. The judgment stated "the case is dismissed with prejudice."

We conclude the judgment dismissing Rodriguez's complaint constitutes a "dismissal entered" for purposes of section 473(b). First, the plain meaning of "any … dismissal" includes a judgment of dismissal that states the case is dismissed with prejudice. Second, even if this court ignored the directive to give section 473 a liberal construction and construed the phrase "any … dismissal entered" narrowly to mean only dismissals that are similar to default judgments, the judgment of dismissal as a terminating sanction qualifies as such a dismissal because that dismissal was, in essence, the result of a default on discovery obligations. Therefore, we agree with the statement by the court in *Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 736 that "an order of dismissal entered for failure to comply with an order compelling answers to interrogatories is the practical equivalent of a default judgment."

Accordingly, we conclude mandatory relief under section 473(b) for "any … dismissal entered" encompasses dismissals entered as a terminating sanction for discovery abuse.

---

**4** The statute was amended in 1992 to be applicable to a "dismissal." (8 Witkin, Cal. Procedure, *supra*, § 192, p. 792.)

10

E.    The Statute Requires an Explicit Finding

Section 473(b) requires the motion for relief to be granted when supported by an attorney's sworn statement of fault, "*unless the court finds* that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Italics added.)

Rodriguez contends the phrase "unless the court finds" requires the court to make an explicit finding about the cause of the dismissal.  In contrast, Brill interprets the statute to mean the required finding can be either expressed or implied.

Neither party has cited any case interpreting a statute containing the phrase "unless the court finds."  Nonetheless, the court in *People v. Lopez* (2005) 129 Cal.App.4th 1508 (*Lopez*), addressed the meaning of the phrase "unless the court finds" in Penal Code section 987.8:

> "While this statute ordinarily may not require an express finding of ability to pay (cf. *People v. Phillips* (1994) 25 Cal.App.4th 62, 76 [30 Cal.Rptr.2d 321]), it contains a presumption that those sentenced to prison are unable to pay.  'Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense.'  (§ 987.8, subd. (g)(2)(B).)  We construe this part of the statute to require an *express finding* of unusual circumstances before ordering a state prisoner to reimburse his or her attorney."  (*Lopez*, *supra*, 129 Cal.App.4th at p. 1537.)

The same construction of the phrase "unless the court finds" is appropriate in the context of section 473(b) because (1) such a construction is in harmony with the rule of liberal construction to further the remedial aspects of section 473 and (2) an explicit finding will help assure the trial court correctly applied the statute and promote meaningful appellate review by identifying the basis for the trial court's decision.  (See *Smith v. Circle P Ranch Co.* (1978) 87 Cal.App.3d 267, 278.)

Furthermore, our interpretation of the statute to require an explicit finding is compatible with the reasoning set forth in *Johnson v. Pratt & Whitney Canada, Inc.*

11

(1994) 28 Cal.App.4th 613 (*Johnson*). First, the appellate court in *Johnson* did not expressly interpret the phrase "unless the court finds" to mean the finding could be implied.

Second, the trial court in *Johnson* actually made an explicit finding. That finding stated: "'The misconduct of which [the client] and [its] counsel were, in my opinion, guilty in order to reach these really terrible decisions had to do with liability.'" (*Johnson*, *supra,* 28 Cal.App.4th at p. 622.) The appellate court relied on this finding to conclude the trial court did not believe the attorney's sworn statement that the discovery fiasco was solely his fault. (*Ibid.*) Furthermore, the appellate court regarded the finding as implicating the client in the discovery misconduct and concluded substantial evidence supported such a finding.[5] (*Id.* at p. 623.)

Third, the client in *Johnson* tracked the language used in the clause "unless the court finds that the … dismissal was not in fact caused by the attorney's mistake … or neglect" (§ 473(b)) and argued "there is no express finding that the flagrant abuse of discovery was *not* caused by the attorney." (*Johnson*, *supra*, 28 Cal.App.4th at p. 622, fn. 11.) The appellate court determined the client had not asked the trial court for a finding of that specificity and concluded the client was not entitled to raise the issue on appeal. (*Ibid.*) Thus, the explicit finding that the attorney and client were guilty of misconduct was sufficient to satisfy the requirement for a finding and justify denying relief. As a result, *Johnson* does not stand for the proposition that explicit findings are unnecessary when a trial court denies an application for mandatory relief under section 473(b).

---

**5** The evidence relied upon included a statement by counsel that the client advised him that documents did not exist when, if fact, it appeared they did exist. (*Johnson*, *supra*, 28 Cal.App.4th at p. 623.)

12

Lastly, we conclude that a failure to make an express finding is not an error that results in an *automatic* reversal. Instead, the appellant must demonstrate prejudice. (Cal. Const., art. VI, § 13 [miscarriage of justice]; Code Civ. Proc., § 475 [no judgment shall be reversed unless it shall appear from the record that a different result would have been probable if the error had not occurred or existed].)

F.     Causation and Client Fault

The third issue of statutory construction raised by the parties' contention is whether the phrase "dismissal was not in fact caused by the attorney's [fault]" (§ 473(b)) means relief is not available when the negligence or willful misconduct of the client contributes to the dismissal.

In *Lang v. Hochman* (2000) 77 Cal.App.4th 1225 (*Lang*), Division Three of the Second Appellate District stated: "Thus, a party can rely on the mandatory provision of section 473 only if the party is totally innocent of any wrongdoing and the attorney was the *sole* cause of the default or dismissal." (*Id*. at p. 1248.) In contrast, Division Two of the First Appellate District concluded the statutory text "merely requires that the attorney's conduct be a cause in fact of the entry of default (see § 473(b)), but does not indicate that it must be the *only* cause." (*Benedict v. Danner Press* (2001) 87 Cal.App.4th 923, 929; see *SJP Limited, supra,* 136 Cal.App.4th at p. 520.)

We need not take a position on this question of statutory interpretation because the record before this court does not show the client was negligent or engaged in willful misconduct that contributed to the terminating sanction.

G.     Accompanying Motion with Verified Discovery Responses

1.     *Brill's Contentions*

Brill contends section 473(b) requires a party seeking relief from a discovery sanction to include verified discovery responses as part of the application for mandatory relief.

13

Brill refers to the text in the discretionary relief provision that states: "Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted …." (§ 473(b).) He argues this requirement also holds true for the mandatory relief provision, as the policies underlying this requirement apply with greater force when mandatory relief is sought. The textual basis for incorporating this requirement into the mandatory relief provision was identified by the court in *Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, which considered the statutory text that requires the "application for relief" to be "in proper form." (§ 473(b).) The court concluded that an application for mandatory relief from a default was "in proper form" only if the proposed answer accompanied the application. (*Carmel, Ltd. v. Tavoussi*, *supra*, at p. 401.) Brill argues, in effect, that Rodriguez's application was not in proper form because the discovery responses were served later and did not accompany the application for relief.

### 2. *Rodriguez's Contentions*

Rodriguez argues that (1) the mandatory provision does not expressly require discovery responses to be submitted with a motion for relief; (2) the reference in the discretionary provision "pleadings"[6] does not encompass discovery responses; (3) the discovery responses that were submitted substantially complied with any requirement that such responses accompany the motion; and (4) nothing in the statutory or existing case law suggests the discovery responses must be verified.

---

[6] Code of Civil Procedure section 420 defines "pleadings" as the formal allegations by the parties of their respective claims and defenses. Code of Civil Procedure section 422.10 provides that the "pleadings allowed in civil actions are complaints, demurrers, answers, and cross-complaints."

### 3. Interpretation of "In Proper Form"

We interpret the requirement in section 473(b) that an application for mandatory relief be "in proper form" to mean that, when relief is sought from a terminating sanction imposed for failing to provide discovery responses, the application must be accompanied by verified responses to the discovery in question. Thus, we have extended the statutory interpretation adopted in *Carmel, Ltd. v. Tavoussi*, *supra*, 175 Cal.App.4th 393, which required a proposed answer (i.e., a pleading) to accompany the motion for mandatory relief, to discovery responses. The rationale for including the proposed document is to avoid further delays by compelling the delinquent party to demonstrate a readiness to proceed on the merits. (*Id*. at pp. 401-402.) This rationale applies with equal force to tardy discovery responses because they, like the failure to answer a complaint, can delay the lawsuit.

Therefore, an attorney's application for mandatory relief would be in proper form if verified discovery responses are served on or before the motion for relief is served. Such service would demonstrate a willingness and ability to comply with discovery requests and related orders and demonstrate that pending discovery would not be a source of further delay. However, like the court in *Carmel, Ltd. v. Tavoussi*, *supra*, 175 Cal.App.4th 393, we conclude the phrase "in proper form" is satisfied by substantial compliance. (*Id*. at pp. 401-403 [defendants substantially complied with requirement to submit a proposed answer with motion by making a copy available at the hearing].) A test for substantial compliance is whether the moving party has demonstrated a willingness and ability to comply with the procedural requirements that led to the dismissal.

In the context of a terminating sanction for failing to provide discovery, we conclude substantial compliance is demonstrated if, at or before the hearing on the motion for relief, the moving party has served a copy of verified discovery responses on

15

opposing counsel. Service of final discovery responses indicates the moving party's readiness to proceed on the merits.

In summary, we interpret section 473(b)'s provision for mandatory relief to require the application for relief to be accompanied by verified discovery responses and substantial compliance with this requirement is sufficient. The concept of substantial compliance applies to both the timing of the discovery responses and their content.

H.     Application of Statutory Interpretations

Because the reporter's transcript does not contain findings made by the trial court from the bench and the written order prepared by defense counsel sets forth no findings, we are unable to discern how the trial court resolved the questions of statutory interpretation presented in this appeal. For example, the trial court may have adopted defense counsel's incorrect view that the mandatory provisions of section 473(b) did not apply to the circumstances of this case because mandatory relief is available only for dismissals involving a failure to appear.

Consequently, the next step in our review is to address the issues involving (1) Brill's claim that Rodriguez's misconduct was a cause of the terminating sanction and (2) substantial compliance to determine whether those issues can be resolved by this court or must be remanded to the trial court for further proceedings.

I.     Causation and Rodriguez's Purported Misconduct

For purposes of this appeal, we will assume that mandatory relief under section 473(b) is not available when a client's negligence or willful misconduct is a contributory cause of the termination sanction. (See pt. I.B., *ante*.)

Our analysis of the nature and extent of Rodriguez's involvement in the conduct that caused the termination sanction to be granted involves (1) identifying the grounds upon which the trial court granted the terminating sanction and (2) determining whether Rodriguez was involved in those grounds.

16

### 1.  *Grounds for Terminating Sanction*

The trial court's order explicitly stated the grounds for the terminating sanction were (1) service of the purported responses the day before the May 2011 hearing by unauthorized methods; (2) lack of a verification; (3) inclusion of objections (contrary to statute and the April 4, 2011, order); (4) frivolous objections to some questions; and (5) disregard of the discovery, defense counsel's attempts to get answers, and the court's order.

### 2.  *Rodriguez's Involvement*

Next, we consider what the record shows about Rodriguez's involvement in these acts and omissions.

*Unauthorized Service.*  Plaintiff's attorney Steven D. Smith's attempt at complying with the discovery order by serving responses to interrogatories in May 2011 used a method of service not authorized.  Smith's declaration states he submitted the "responses by facsimile and electronic mail informing defendant's counsel that the verifications would follow."  Nothing in his declaration or other evidence in the record shows any involvement by Rodriguez in the decision about how to serve the responses. Therefore, Smith was responsible for choosing how service would be attempted.

*Lack of Verification.*  The interrogatory responses lacked a verification because the responses were not completed earlier.  Smith's declaration addressed the timing question by stating that due to other commitments his earliest opportunity to physically review the file, which required his presence in California, was in May 2011.  He also stated that time constraints and "the need to meet the client in person prevented me from submitting the verifications with the discovery."[7]  Therefore, it was Smith's scheduling choices that

---

[7]     We note that the demands on Smith's time included preparing and filing papers opposing Brill's motion for summary judgment or, alternatively, summary adjudication. The register of actions indicates the opposition papers were filed on May 6, 2011.

17

resulted in the late meeting with Rodriguez and caused him to send the interrogatory responses without a verification. There is no evidence Rodriguez's procrastination created time constraints that resulted in the absence of a verification.

*Inclusion of Objections.* The attempted interrogatory responses included objections, contrary to both the court's order and subdivision (a) of Code of Civil Procedure section 2030.290, which provides that the failure to serve timely responses acts as a waiver of "any objection to the interrogatories."

Here, there is no evidence in the record to indicate that Rodriguez was aware of the contents of the April 4, 2011, order or the statutory provisions regarding the waiver of objections. As a result, there is no evidence to support a finding that Rodriguez requested objections to be made while knowing those objections were not allowed.

*Frivolous Objections.* The trial court also concluded some of the objections in the interrogatories were frivolous. There is no evidence that Rodriguez was aware of what constituted a frivolous objection and what constituted an objection that was not frivolous. Thus, the responsibility for the lack of merit in the objections is the responsibility of Smith and cannot be attributed to Rodriguez.

*Disregard of Discovery and Order.* The court also found that the discovery served in December 2010 and its April 4, 2011, order had been disregarded. The evidence does not show that Rodriguez personally received the discovery and subsequently chose to ignore it or, alternatively, instructed her attorneys not to respond. Rather, the declarations show that Rodriguez's California attorney ceased representing her shortly after the discovery was served and Smith neglected both the discovery and the order. Thus, the disregard of the discovery and the subsequent court order is the responsibility of the attorney and cannot be attributed to Rodriguez.

In summary, Brill's motion for a terminating sanction did not contend Rodriguez was involved in the grounds that he asserted as a basis for granting a terminating

18

sanction. Furthermore, the grounds listed in the trial court's written order involve the acts and omissions of Smith, not Rodriguez. Therefore, based on the motion and the order, the terminating sanction was not caused by the client.

### 3. Evasive Responses

On appeal, Brill contends Rodriguez was involved in misconduct based on her evasive or false answers in the proposed discovery responses. At the August 10, 2011, hearing on the motion for relief, defense counsel argued "the plaintiff is just as involved in this as Mr. Smith is" and asserted relief under section 473(b) was not available "when the attorney is simply covering up for the client" and "that's exactly what has happened." (Some capitalization omitted.)

In response to these statements, Rodriguez addressed the trial court by stating she was not trying to cover up and, "I have been homeless since my ex-husband left me. I stay here and there, and because I grew up in Delano, I went and rented a P.O. box [there]. [¶] My daughters are unemployed. They are homeless, too." (Some capitalization omitted.)

Brill subsequently submitted the declaration of a private investigator who had located one of Rodriguez's daughters and identified her place of residence and her employer. Based on the information developed by the private investigator, Brill contends Rodriguez lied in her statements to the court.

We conclude that the record does not support a finding that Rodriguez's purported misconduct was a contributing cause of the terminating sanction because (1) it was not a basis for Brill's motion for terminating sanction and (2) the trial court did not include evasive responses as a ground for granting the termination sanction. In addition, the fact that Rodriguez had a daughter who was employed and living in a duplex in El Segundo does not establish that Rodriguez knew these facts about her daughter and misrepresented them to the court in August 2011. Among other things, there is no showing Rodriguez

19

had been in contact with the daughter and the daughter accurately described her circumstances to Rodriguez.

In summary, we conclude that Smith's declarations of fault demonstrate his neglect of discovery that provides a basis for mandatory relief and section 473(b) and the record does not establish that any negligent or intentional acts or omission of Rodriguez contributed to the granting of the terminating sanction.

J.      Substantial Compliance

There are two aspects of substantial compliance with the "in proper form" requirement in section 473(b)—the timing of the discovery responses that supported Rodriguez's application for relief and the content. (See pt. I.F.3, *ante*.)

        *1.      Timing*

First, we conclude the timing of Rodriguez's proposed discovery responses substantially complied with section 473(b).

Verified discovery responses were served on defense counsel on August 9, 2011, the day before the hearing on the motion for relief, and unverified copies of those responses were lodged with the court the day of the hearing.    Although the preferred practice would be to serve final discovery responses before or with the motion for mandatory relief, a moving party substantially complies with the requirement by serving opposing counsel with verified discovery responses at or before the hearing and submitting a copy of the responses to the court on the day of the hearing. (See *Carmel, Ltd. v. Tavoussi*, *supra*, 175 Cal.App.4th at pp. 402-403 [defendants substantially complied with § 473(b) by making a copy of their proposed answer *available at the hearing*].) Here, Rodriguez's verified discovery responses were served the day before the hearing and copies were lodged with the court the day of the hearing. The fact that the copies lodged with the court did not include copies of the signed verifications does not

20

indicate the moving party is unready to proceed on the merits of the case and will not delay opposing counsel's preparation.

Therefore, we conclude Rodriguez substantially complied with the timing requirement imposed by section 473(b) on proposed discovery responses.

### 2. Content

Brill argues that the content of the discovery responses was evasive and, thus, not "in proper form." Specifically, Brill contends Rodriguez lied about her own address, the location of her daughters, and their employment status. The misrepresentations claimed are not established by the record before this court. The evidence from a private investigator that one of Rodriguez's daughters was living at an address in El Segundo showed only that the information provided by Rodriguez was not accurate, but it did not show that Rodriguez knew her daughter was employed and living at an address in El Segundo and intentionally failed to disclose that information.

Therefore, we conclude there was substantial compliance on the face of the discovery responses.

## II. ATTORNEY FEES AND COSTS

Whenever relief is granted based on an attorney's declaration or affidavit of fault, the trial court is required by section 473(b) to "direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties."

Rodriguez's relief from the terminating sanction shall not be made conditional upon Smith's payment of the compensatory legal fees and costs. (Code Civ. Proc., § 473, subd. (c)(2).)

### DISPOSTION

The judgment and order denying the motion for relief under section 473(b) is reversed. On remand, the trial court shall vacate its order and enter a new order (1) granting the motion for relief and (2) directing Smith to pay reasonable compensatory

21

legal fees and costs to opposing counsel or defendant in accordance with section 473(b).

Each side shall bear its own costs of this appeal.

_____

FRANSON, J.

WE CONCUR:

_____

GOMES, ACTING P.J.

_____

KANE, J.