Filed 2/18/21  Chung & Associates, LLC v. Mendoza CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CHUNG & ASSOCIATES, LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RICARDO MENDOZA, et al., <br><br> Defendants and Appellants. | B297304 <br><br> (Los Angeles County Super. Ct. No. BC667815) |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory W. Alarcon, Judge.  Dismissed.

Law Office of Michael A. Long and Michael A. Long for Defendants and Appellants.

The Kernan Law Firm, S. Michael Kernan, and R. Paul Katrinak for Plaintiff and Respondent.

———————————————

The trial court entered an order granting Chung & Associates, LLC's (C&A) motion for terminating sanctions against Ricardo Mendoza and Xavier Ruffin and striking their answer to C&A's complaint and their cross-complaint against C&A.

Mendoza and Ruffin moved the trial court for an order under Code of Civil Procedure section 473(b) vacating its order granting C&A's request for terminating sanctions.[1]  The trial court "fail[ed] to find that a mistake of attorney occurred and denie[d] the motion."

Mendoza and Ruffin then filed a motion under section 1008 asking the trial court to reconsider its order denying their request under section 473(b) to vacate its earlier order striking their answer and cross-complaint.  The trial court denied the motion for reconsideration on March 25, 2019.  On April 29, 2019, Mendoza and Ruffin filed a notice of appeal, and identified the appeal as from "[a]n order or judgment under [section] 904.1[, subdivision] (a)(3)-(13)."

In a motion to dismiss the appeal, C&A argued that none of the orders from which Mendoza and Ruffin purport to appeal are appealable.  We agree with C&A and will dismiss the appeal.

## BACKGROUND

"C&A employed Mendoza and Ruffin from 2016 to January (Ruffin) and April (Mendoza) 2017.  In September 2017, C&A filed suit against Mendoza and Ruffin, stating a variety of causes of action based on alleged breaches of Mendoza and Ruffin's

---

[1] Further statutory references are to the Code of Civil Procedure.

2

employment agreements and alleged post-employment retention and use of C&A's proprietary information. C&A filed a first amended complaint in December 2017 based on the same core allegations." (*Mendoza v. Chung & Associates, LLC* (Oct. 28, 2020, B294223, at p. 2) [nonpub. opn.] (*Mendoza I*).) Mendoza and Ruffin answered the amended complaint and cross-complained against C&A on March 13, 2018.

C&A filed a motion for terminating sanctions on November 13, 2018. In its order granting the motion, the trial court struck Mendoza and Ruffin's answer to the complaint and their cross-complaint.

On January 22, 2019, Mendoza and Ruffin filed a motion asking the trial court to vacate its order striking their answer and cross-complaint under section 473, subdivision (b). The trial court heard and denied the motion on February 20, 2019.

On February 28, 2019, Ruffin and Mendoza moved the court under section 1008 to reconsider its order denying their motion to vacate under section 473, subdivision (b) its order striking their answer and cross-complaint. The trial court heard the motion on March 22, 2019, and on March 25, 2019 issued an order denying Mendoza and Ruffin's motion for reconsideration and also denying C&A's request for monetary sanctions.

Mendoza and Ruffin filed a notice of appeal on April 29, 2019 on Judicial Council Forms, form APP-002 and checked the box to indicate that they were appealing from the trial court's order entered February 26, 2019, "[a]n order or judgment under Code of Civil Procedure, § 904.1(a)(3)-(13)."

C&A filed a motion to dismiss the appeal.

## DISCUSSION

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com'n* (2001) 25 Cal.4th 688, 696 (*Griset*).) "A trial court's order is appealable when it is made so by statute." (*Ibid.*)

"The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal. [Citation.] Accordingly, if the order or judgment is not appealable, the appeal must be dismissed." (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302 (*Canandaigua*).)

C&A contends none of the orders from which this court might construe Mendoza and Ruffin's notice of appeal to have been taken is appealable. We are therefore without jurisdiction, C&A explains, to hear Mendoza and Ruffin's appeal. We agree with C&A and will dismiss the appeal.

None of the orders from which we might construe the notice of appeal to have been taken is, on its face, appealable. "An order granting terminating sanctions is not appealable, and the losing party must await the entry of the order of dismissal or judgment *unless* the terminating order is inextricably intertwined with another, appealable order." (*Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 940.) Similarly, "an appeal does not lie from [an] order striking [a] cross-complaint where, as here, the parties to the complaint and cross-complaint are identical." (*Fraser-Yamor Agency, Inc. v. County of Del Norte* (1977) 68 Cal.App.3d 201, 207.) While an order denying a motion to vacate a *judgment* under section 473 is appealable, other orders denying motions to vacate are *generally* not: " 'If the original ruling is not final and appealable in its own right, then it is not a judgment and an

4

order denying reconsideration cannot be appealable. "[A]n appeal may not be taken from a nonappealable order by the device of moving to vacate the order and appealing from a ruling denying the motion." ' " (*I.J. Weinrot & Son, Inc. v. Jackson* (1985) 40 Cal.3d 327, 331; *Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 355; *Prieto v. Loyola Marymount University* (2005) 132 Cal.App.4th 290, 294, fn. 4.) And "[a]n order denying a motion for reconsideration is not independently appealable." (*Mack v. All Counties Trustee Services, Inc.* (2018) 26 Cal.App.5th 935, 937, fn. 1.)

Mendoza and Ruffin contend their notice of appeal is from an appealable order on two bases. First, they argue that the trial court's order "effectively disposes of the entire case," and should, therefore, be viewed as a final judgment. Second, they claim that "a terminating sanction involving discovery . . . is enough to constitute a dismissal"; Mendoza and Ruffin repeatedly argue that "a terminating sanction is deemed a dismissal," and therefore constitutes an appealable order.

Mendoza and Ruffin rely on *Canandaigua* for their assertion that because—in their estimation—the trial court's order striking their answer and cross-complaint "effectively disposes of the entire case," it constitutes an appealable order. *Canandaigua* informs: "[A]n order constitutes a final judgment despite other causes of action remaining if the order *effectively disposes of the entire case. For example, an order is appealable if it resolves an allegation that is essential to all of the causes of action*." (*Canandaigua, supra,* 177 Cal.App.4th at p. 303, italics added.) *Canandaigua* cites *Griset* for that proposition.

*Griset* explains the "standard to determine whether an adjudication is final and appealable" in depth: " 'It is not the

5

form of the decree but the substance and effect of the adjudication which is determinative.  As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but *where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.'* " (*Griset, supra,* 25 Cal.4th at p. 698, italics added.)  "In multiparty actions, a judgment disposing of all the issues as to one party is appealable even if issues remain as to other parties." (*Martis Camp Community Association v. County of Placer* (2020) 53 Cal.App.5th 569, 588.)

Neither the order regarding terminating sanctions, nor the order denying the motion to vacate that order, nor the order denying the motion to reconsider the motion to vacate disposes of all issues as to any party in the litigation.  *If any of those orders had done so, the trial court could have entered judgment as to that party, and that judgment would have been appealable.*

Mendoza and Ruffin's second argument rests on a misunderstanding of the case it relies on.  Mendoza and Ruffin incorrectly assert several times in their opposition to C&A's motion to dismiss that "terminating sanctions are . . . deemed a 'dismissal entered' for purposes of appeal."  For that proposition, Mendoza and Ruffin rely on *Rodriguez v. Brill* (2015) 234 Cal.App.4th 715.  The language in *Rodriguez v. Brill* that leads Mendoza and Ruffin to their conclusion is:  "[A] judgment of dismissal that implements a terminating sanction for discovery abuse is a 'dismissal entered' for purposes of section 473(b)." (*Id.* at p. 719.)

6

Mendoza and Ruffin's argument ignores that it is a *judgment* from which Rodriguez appealed. It was a "*judgment of dismissal* implementing a terminating sanction for discovery abuse" that was at issue on appeal.[2] The record here discloses *no judgment*.

Mendoza and Ruffin also appear to rely on the pendency of a related appeal to support jurisdiction in this matter. They argue that the pendency of their appeal in *Mendoza I* conveys appellate jurisdiction in *this* matter. We disagree. As an initial matter, we dismissed *Mendoza I* for lack of jurisdiction because the notice of appeal in that matter was not timely. (*Mendoza I, supra*, B294223, at pp. 5-6.) Section 904.1, subdivision (a)(13), which makes appealable "order[s] granting or denying a special motion to strike under [s]ection 425.16," would not render appealable any of the orders from which we might deem this appeal to have been taken.

Mendoza and Ruffin have failed to meet their obligation to demonstrate the existence of an appealable order.

---

[2] The trial court in *Rodriguez* struck the *complaint* as a terminating sanction *and entered judgment* of dismissal for the defendant. (*Rodriguez, supra*, 234 Cal.App.4th at p. 719.) There is no mention in the opinion of the defendant having filed a cross-complaint.

## DISPOSITION

The appeal is dismissed. Respondent is awarded costs on appeal.

NOT TO BE PUBLISHED


                                        CHANEY, J.

We concur:



        BENDIX, Acting P. J.



        FEDERMAN, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.