Filed 1/30/26  Tenchil v. Scott CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JOSE LUIS TENCHIL et al., | B338663 |
| Plaintiffs and Appellants, | Los Angeles County |
| v. | Super. Ct. No. 20STCV26672 |
| ZACHARY SCOTT, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lynne M. Hobbs, Judge.  Affirmed.

Law Offices of Andy Basseri and Andy Basseri for Plaintiffs and Appellants.

Law Office of Jeffrey Cabot Myers and Jeffrey Cabot Myers for Defendant and Respondent.

————————————

Plaintiffs Jose Luis Tenchil (Jose) and Luis Daniel Tenchil (Daniel) appeal from the trial court's order denying Jose's motion to set aside/vacate the dismissal of their complaint under Code of Civil Procedure[1] section 473, subdivision (b) (section 473(b)). We affirm.

## BACKGROUND

In July 2020, plaintiffs filed a personal injury complaint against defendant Zachary Scott arising from a July 2018 car accident. They did not serve defendant with the summons and complaint until August 2022. Defendant filed an answer (a general denial with affirmative defenses) and served initial discovery requests on each plaintiff—form interrogatories, special interrogatories, and demands for identification and inspection of documents. The court set a final status conference for August 23, 2023, and a trial date for September 6, 2023.[2]

Neither plaintiff responded to defendant's discovery requests, nor did their counsel respond to defense counsel's meet and confer letter. Accordingly, on November 18, 2022, defendant filed concurrent motions to compel each plaintiff's responses to the unanswered discovery requests and for sanctions. Plaintiffs did not oppose the motions. The court granted the motions to compel as to Jose on March 29, 2023, and as to Daniel on March 30, 2023. The court denied the requests for sanctions. On April 10, 2023, defendant's counsel served a notice of ruling on plaintiffs' counsel stating plaintiffs

[1]     Statutory references are to the Code of Civil Procedure.

[2]     As of August 5, 2022, plaintiffs' case was assigned to Department 30, the Honorable Jill Feeney presiding.

2

were to serve responses to the outstanding discovery within 15 days.

After receiving no response, defendant filed motions for terminating sanctions on April 25, 2023, asking the court to dismiss plaintiffs' complaint. Plaintiffs did not file written oppositions to the motions, but their counsel appeared at the June 13, 2023 hearing. After hearing argument, the court[3] granted the motions, reasoning:

> "Plaintiffs' failure [*sic*] to obey the Court's March 29 and 30, 2023 orders. Plaintiffs did not respond to Defendant's requests and have now delayed responding to the discovery requests for nine months. It appears Plaintiffs are no longer interested in litigating this matter as no opposition was filed against this motion. Therefore the Court finds terminating sanctions proper."

On June 16, 2023, defendant's counsel served notice of the court's ruling on plaintiffs' counsel. Plaintiffs did not move for reconsideration.

Although the court granted terminating sanctions, it did not enter an order of dismissal in the "court system." As a result, the final status conference and trial dates apparently were not vacated. Neither side appeared for the August 23, 2023 final status conference. On that date, the court vacated/took off calendar the final status conference, noted the September 6, 2023 trial date remained on calendar, and ruled it "may dismiss the case pursuant to CCP Section 581(b)(3)" if the parties did not

---

[3] By this time, the Honorable Lynne M. Hobbs had been assigned to Department 30.

appear on the trial date.  The court ordered no further notice was required, as counsel/the parties had received notice of those dates when they originally were set.

On September 6, 2023, the Honorable Steven A. Ellis temporarily presided over Department 30 matters in Judge Hobbs's absence.  As no party had appeared for trial, or communicated with the court, Judge Ellis ordered plaintiffs' complaint dismissed without prejudice.  The clerk served plaintiffs' counsel with the minute order.  Judge Hobbs signed the order of dismissal.  The clerk served it on plaintiffs' counsel.

Almost six months later, on March 1, 2024, Jose[4] filed a motion to vacate or set aside the dismissal under the mandatory relief provision of section 473(b) along with plaintiffs' attorney's affidavit of fault.  Plaintiffs' attorney declared he failed to appear at the September 6, 2023 trial date because—due to a calendaring error—he mistakenly believed the trial date was October 6.  The motion, however, stated the court had "dismissed the case on September 6, 2023 due to terminating sanctions due to plaintiff not providing discovery responses."  Relying on *Rodriguez v. Brill*,[5] the motion argued the mandatory relief provision of section 473(b) applied to a judgment of dismissal following the granting of terminating sanctions due to

---

[4]  It appears from the appellate record that only Jose brought the section 473(b) motion.  As Daniel did not join in the motion, he has no standing to challenge the court's denial of it.  (See § 902.)  His appeal is therefore dismissed.

[5]  Neither the moving papers, nor the opening brief on appeal, include a citation to this case.  It is *Rodriguez v. Brill* (2015) 234 Cal.App.4th 715 (*Brill*).

4

"inexcusable failures of plaintiff's attorney."  The motion asserted, "All verified discovery responses have already been emailed to defense counsel."  Attached to counsel's declaration were the separate discovery responses of Jose and Daniel to defendant's form interrogatories (set 1), demand for production of documents (set 1), and special interrogatories (set 1)—all signed by plaintiffs' counsel on February 28, 2024.  The appellate record also includes two caption pages entitled "Exhibit List," with several documents attached to each, but no actual "list"; Jose's verifications to his discovery responses—each signed February 29, 2024; and Daniel's verifications to his discovery responses—each signed "February, 2024."[6]

Defendant opposed Jose's motion.  Defendant argued the case had been dismissed on June 13, 2023 with the granting of his motion for terminating sanctions.  The motion thus was untimely, having been filed more than six months later.  Defendant also argued there was no mistake, inadvertence, surprise, or excusable neglect.  Finally, defendant argued he would be prejudiced if the court granted the motion, noting the accident happened in July 2018, plaintiffs had ignored the court's order to respond to defendant's discovery, and they otherwise had failed to pursue their case.  Jose did not file a reply to defendant's opposition.

The court (Judge Hobbs) heard Jose's motion on April 3, 2024 and took the matter under submission.  On April 23, the court denied the motion.  The court acknowledged it had granted defendant's motion for terminating sanctions on June 13, 2023,

---

[6]     The verifications were appended to the second "Exhibit List" caption page.

5

but had "erred in not dismissing the complaint in the court system and in allowing the matter to progress to the jury trial date approximately three months later." The court continued:

"Thus, on September 6, 2023, when no parties appeared for jury trial, the Court dismissed the entire action. Instead of recognizing that terminating sanctions had already disposed of the case, the court stated that the dismissal was without prejudice due to no parties appearing for jury trial.

"What Plaintiffs [*sic*] seek to set aside is the ruling the Court made granting the terminating sanctions. They are too late. Plaintiff mistakenly argues that the terminating sanction was entered on September 6, 2023. However, the terminating sanction dismissing Defendant Scott, the only defendant in this matter, was entered on June 13, 2023. The court agrees that a motion under CCP section 473 would be available to Plaintiff, but only if it was timely filed. [Citations.]

"While Plaintiffs are not too late to move to set aside the order of dismissal on September 6, 2023, it would be a futile act for the Court to grant such a request. The complaint would still have been dismissed. The Court, therefore, denies the motion."

Plaintiffs filed a notice of appeal on May 7, 2024. In response to this court's inquiry, plaintiffs made clear their appeal was timely as to the April 23, 2024 order denying the section 473(b) motion to set aside/vacate the dismissal of their complaint

6

—an appealable order under section 904.1, subdivision (a)(2).[7] (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 927, fn. 6.)

## DISCUSSION

Plaintiffs challenge the court's denial of Jose's motion to set aside or vacate the dismissal of their complaint under the mandatory provision of section 473(b). That provision provides: "[T]he court shall, whenever an application for relief is made *no more than six months* after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to the attorney's mistake, inadvertence, surprise, or neglect, vacate any . . . dismissal entered against the attorney's client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473(b), italics added.)[8] "The six-month limit is mandatory; a court has no authority to grant relief under section 473, subdivision (b), unless an application is made within

---

[7] Plaintiffs' notice of appeal does not state the date of the appealed judgment or order. It checks the box indicating the appeal is from a judgment of dismissal under sections 581d, 583.250, 583.360, or 583.430. Plaintiffs' corrected case information statement indicates the motion to set aside/vacate dismissal was denied on April 23, 2024. The May 7, 2024 notice of appeal thus was timely.

[8] In the case of a dismissal due to terminating sanctions, an application for mandatory relief would be in "proper form" "if verified discovery responses [were] served on or before the motion for relief is served." (*Brill, supra,* 234 Cal.App.4th at p. 729.) As discussed, Jose presented no evidence that counsel had served defense counsel with plaintiffs' verified discovery responses.

7

the six-month period." (*Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 340.)  Mandatory relief is available only where the attorney caused the dismissal.  (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 439; *Jimenez v. Chavez* (2023) 97 Cal.App.5th 50, 63 (*Jimenez*) [trial court "is only required to grant a motion for relief under the mandatory relief provision of section 473(b)" if it is timely filed, in proper form, and "accompanied by an attorney affidavit attesting to, and showing that the challenged order was taken due to, attorney fault"].)  The moving party bears the burden of establishing entitlement to mandatory relief.  (*Rodriguez v. WNT, Inc.* (2025) 116 Cal.App.5th 791, 803.)  "Whether section 473, subdivision (b)'s requirements have been satisfied in any given case is a question we review for substantial evidence where the evidence is disputed and de novo where it is undisputed."  (*Martin Potts*, at p. 437.)

Plaintiffs' attorney attested it was his fault—his miscalendaring of the trial date—that he and his clients did not appear on September 6, 2023, and it was that failure to appear that led to the dismissal of plaintiffs' complaint.[9]  As the trial court noted, Jose's motion to set aside the September 6 order

---

[9]     On appeal, plaintiffs assert—without citing to the record—their attorney "thought that discovery responses had already been provided at the last hearing earlier as well."  We see no such statement in counsel's declaration that is part of the appellate record.  We do not consider it.  (See *Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038 [arguments not raised in the trial court are forfeited on appeal]; Cal. Rules of Court, rule 8.204(a)(1)(C) [references in an appellate brief to matter in the record must include citation to the volume and page number of the record where the matter may be found].)

8

of dismissal was not untimely—he filed it within six months of that order, on March 1, 2024. Plaintiffs, however, never moved to set aside the court's June 13, 2023 order granting defendant's motion for terminating sanctions—i.e., the dismissal of plaintiffs' complaint. Jose's current motion was untimely as to that ruling, having been filed outside the mandatory six-month window. In any event, as the court found, setting aside the September 6, 2023 order of dismissal due to counsel's failure to appear would have been futile—the court still would have had to dismiss plaintiffs' complaint based on the unchallenged June 13, 2023 order. Accordingly, plaintiffs have failed to demonstrate they were prejudiced by the trial court's purported error in denying the section 473(b) motion to set aside or vacate the September 6, 2023 order of dismissal. (See Cal. Const., art. VI, § 13; *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 [error is not reversible unless it is reasonably probable a more favorable result would have been reached absent the error]; see also *Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963 [reviewing court "cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice"].)

Plaintiffs argue they "should not suffer harm and prejudice" due to the court's error in failing to enter the dismissal in the court system after it granted defendant's motion for terminating sanctions, asserting they relied on the court system having accurate information. The point is not well-taken. Defendant gave plaintiffs' counsel notice of entry of the order granting the requested terminating sanctions. They took no action to set that order aside nor do they challenge the validity of that order on appeal.

9

Plaintiffs also appear to contend—without citing to any authority—Jose's motion was timely because, even though the court granted the terminating sanctions in June 2023, the date of the dismissal controls for purposes of mandatory relief under section 473(b). Plaintiffs are correct that the mandatory provision of section 473(b) can apply to an order granting dismissal as a terminating sanction. (See *Rodriguez v. WNT, Inc., supra*, 116 Cal.App.5th at p. 806 [mandatory relief provision of section 473(b) applies to order granting defense motion for dismissal as a terminating sanction only if plaintiff failed to oppose the motion]; *Brill, supra*, 234 Cal.App.4th at p. 726 [mandatory relief under section 473(b) "encompasses dismissals entered as a terminating sanction for discovery abuse"].) Even if the trial court should have construed the September 6, 2023 order of dismissal as having been entered due to its earlier order granting terminating sanctions, substantial evidence nonetheless supported the court's denial of Jose's motion. (See *Rodas v. Spiegel* (2001) 87 Cal.App.4th 513, 517 [appellate court does not "review the validity of the trial court's reasoning but only the propriety of the ruling itself"].)

The court granted defendant's motion for terminating sanctions after plaintiffs failed to respond to defendant's discovery requests and to comply with the court's order compelling their responses. Plaintiffs' attorney, however, never attested that his clients' failure to respond to the discovery, or to the motion for terminating sanctions, was due to his—rather than their—"mistake, inadvertence, surprise, or neglect." (§ 473(b); cf. *Jimenez, supra*, 97 Cal.App.5th at pp. 57–58 [party is entitled to mandatory relief under § 473(b) even when attorney error is inexcusable if attorney's affidavit "shows the error was

10

the fault of the attorney rather than the client"].)  Counsel took the blame only for plaintiffs' nonappearance at the "trial" date. His affidavit thus did not show the order granting terminating sanctions—what plaintiffs argue resulted in the September 6 dismissal—was his fault.  Accordingly, Jose's motion failed to establish he satisfied the requirements for mandatory relief under section 473(b) from the September 6, 2023 order of dismissal, even if it were based on the court's earlier order granting terminating sanctions.

## DISPOSITION

The trial court's April 23, 2024 order is affirmed. Respondent is entitled to his costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.


We concur:



EDMON, P. J.



HANASONO, J.


11