Filed 12/6/16
Prior opinion filed 11/21/16 vacated

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LINDA GEE, | C077077 |
| Plaintiff and Respondent, | (Super. Ct. No. 34201200128324CUPAGDS) |
| v. | |
| ESTATE OF JAMES CHARLES JEWETT et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Robert C. Hight, Judge. Affirmed.

Esther Pardo Holm for Defendants and Appellants.

Stuart Rowe Chandler for Plaintiff and Respondent.

1

Defendant Greyhound Lines, Inc. (Greyhound) appeals from the trial court's order granting plaintiff Linda Gee's motion to set aside dismissal pursuant to Code of Civil Procedure section 473, subdivision (b).[1]  On appeal, Greyhound argues that the trial court erred in granting relief under section 473, subdivision (b), contending that (1) the court lacked jurisdiction to set aside the dismissal under section 473, subdivision (b), because Gee failed to comply with the requirements of section 1008, and (2) Gee failed to provide a sufficient showing to justify relief under section 473, subdivision (b).

We conclude that section 473, subdivision (b), can provide relief when an action is dismissed due to plaintiff's counsel's mistake or inexcusable neglect related to the failure to pay change of venue fees.  As this was plaintiff's initial application for relief under section 473, subdivision (b), and not a request to reconsider a denial of relief under that section, there was no requirement that she file a motion for reconsideration under section 1008.  We further conclude that there was sufficient evidence to justify relief under section 473, subdivision (b).

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND
### The Complaint

On July 19, 2012, Gee filed a civil complaint in Sacramento County Superior Court for personal injuries against Greyhound, Estate of James Charles Jewett, Estate of Sylvia Garay, Olga Garay, and Does 1 through 30 (collectively, defendants), alleging injuries resulting from a motor vehicle accident on July 22, 2010, in which she was a passenger on a Greyhound bus involved in the accident.  The bus was driven by Jewett.[2]

---

[1]  Undesignated statutory references are to the Code of Civil Procedure in effect at the time of the proceedings.

[2]  Jewett was the driver for Greyhound and is now deceased; however, the Jewett estate was named as a defendant.  On appeal, appellant Greyhound titled the case, Linda Gee v.

Gee alleged Jewett was "driving at an excessive rate of speed," which caused the bus to collide with two other vehicles and then crash into a tree. The complaint stated causes of action for general negligence, intentional tort, and products liability. Gee alleged that she suffered emotional and physical injuries as a result of the accident. She alleged wage loss, hospital and medical expenses, and loss of earning capacity and also sought punitive damages.

## Greyhound's Motion to Change Venue

Greyhound filed a motion to change venue from Sacramento County Superior Court to Fresno County Superior Court, contending that Sacramento was not the proper venue and, additionally, the ends of justice would be promoted by changing venue to that county because the accident occurred in Fresno County and most of the defendants were domiciled in Fresno County.[3]

The court granted Greyhound's motion to change venue and ordered Gee to pay the transfer fees, but did not state the statutory basis for the fee. Greyhound sent notice to Gee requesting that the transfer fees be paid promptly, but Gee did not respond to the notice or pay the fees.

---

Estate of James Charles Jewett et al. "An 'estate' is not a legal entity and is neither a natural nor artificial person. It is merely a name to indicate the sum total of the assets and liabilities of a decedent . . . . [Citations.] An 'estate' can neither sue nor be sued." (*Estate of Bright v. Western Air Lines* (1951) 104 Cal.App.2d 827, 828-829.) Consequently, the Estate of James Jewett is not a proper party to the underlying action or to this appeal. Accordingly, we have identified Greyhound as the defendant in the caption of this opinion.

[3] Gee resides in Sacramento County. Jewett had resided in Sacramento County before he died. The record does not disclose who, if anyone, is the administrator of the Jewett estate or where the estate was administered. (See § 395.1; *Jones v. McGinnis* (1953) 121 Cal.App.2d 720 [when a defendant is sued in a representative capacity as an executor, administrator, or trustee, the proper venue is the county which has jurisdiction of the estate which the defendant represents].)

**Greyhound's Motion to Dismiss**

Greyhound filed in Sacramento County Superior Court a motion to dismiss Gee's complaint without prejudice pursuant to section 399, subdivision (a), because Gee failed to pay the transfer fees. Section 399, subdivision (a), provides that if the transfer fees are not paid within 30 days, the court may dismiss the action without prejudice. Gee did not oppose the motion or request to be heard at a hearing after the trial court's tentative ruling, and the court granted Greyhound's motion to dismiss the complaint without prejudice based on Gee's failure to pay the transfer fees.

## DISCUSSION

### I. Jurisdiction to Vacate the Dismissal

### A. Background and Greyhound's Contentions

On April 4, 2014, Gee filed a motion pursuant to section 473, subdivision (b), to set aside the dismissal entered on February 11, 2014. The hearing was set for May 27, 2014. Gee's attorney, Allen Hassan, stated in the points and authorities in support of the motion that the mistake, inadvertence, surprise, or neglect was due to his error. Hassan's declaration stated he "opted not to oppose" the change of venue motion because he felt the court would grant it since there were approximately 50 plaintiffs and the majority of them had filed their cases in Fresno County. He also stated, "It was my understanding of the law at that time after having reviewed [] section 399 that the moving party would be responsible for paying the cost of transferring this matter to Fresno County."[4]

---

[4] Section 399, subdivision (a), provides that when transfer is sought on any ground specified in subdivision (b), (c), (d), or (e) of section 397, the costs and fees are paid by the party making the motion for the transfer. Greyhound did not mention transfer fees in its venue motion. Greyhound specifically cited as a ground for transfer, section 397, subdivision (c), which provides: "The court may, on motion, change the place of trial in the following cases: [¶] . . . [¶] When the convenience of witnesses and the ends of justice would be promoted by the change." While Greyhound cited section 395, subdivision (a), which provides that venue is proper in "the county where the injury

4

Hassan further declared, "I then reviewed my files and realized that I had not received any correspondence from the Fresno County Superior notifying me of the September 8, 2014 trial date." Hassan stated that "[he] checked the Sacramento[] County Superior Court file and notice[d] that this matter had been dismissed because I had failed to pay transfer fees."

Gee argued that under section 473, subdivision (b), the court should vacate the order to dismiss without prejudice because Gee's attorney, Hassan, mistakenly failed to pay the transfer fees as ordered by the trial court. Gee contended Hassan's declaration met the requirements under section 473, subdivision (b), to demonstrate the attorney's mistake, inadvertence, surprise, or neglect. Further, Gee argued that under section 399, subdivision (a), Hassan believed that Greyhound, as the moving party, was required to pay the transfer fees to Fresno Superior Court.

Greyhound filed an opposition to the motion to vacate dismissal of plaintiff's complaint. Greyhound contended that Hassan's neglect was inexcusable because he was adequately served with notice of the order to pay transfer fees and because Hassan failed to exercise reasonable diligence in prosecuting his case. Specifically, Greyhound argued that, "what is currently before the court is not a legitimate application for relief from any 'mistake, inadvertence, surprise or neglect.' . . . Defendant submits that this attorney's

occurs . . . or the county where the defendants, or some of them reside at the commencement of the action," it did not cite that provision as a specific ground for transfer. Nor did Greyhound cite section 397, subdivision (a), which provides that a court may transfer venue "[w]hen the court designated in the complaint is not the proper court." Section 397, subdivision (a), is not included in the list of transfer grounds for which the moving party shall pay the transfer fees. Rather, section 399, subdivision (a), provides, "[w]hen the transfer is sought solely, or is ordered, because the action or proceeding was commenced in a court other than that designated as proper by this title, those costs and fees . . . shall be paid by the plaintiff before the transfer is made." Because Greyhound never mentioned transfer fees in its change of venue motion and never cited section 397, subdivision (a), as grounds for the transfer, Hassan was not put on notice that Gee might be responsible for the transfer fees when the motion was made.

5

false assertion of 'mistake' compounded with the total absence of any diligence whatever to prosecute this case for well 'over a year' provide compelling bases for denying the pending application for relief . . . ."

The trial court issued its tentative ruling on May 21, 2014, granting Gee's motion to set aside the dismissal.

After hearing oral argument, the trial court granted Gee's motion to set aside the dismissal. In so ruling, the court wrote: "This is clearly a case of attorney fault. Since it resulted in dismissal of her case, plaintiff is entitled to relief under CCP 473(b). [¶] Greyhound's opposition is based on the premise that the mistake was not excusable. A motion based on attorney neglect that results in the dismissal of a case does not require a showing that the mistake was excusable."

On appeal, Greyhound argues the trial court abused its discretion in vacating the dismissal of Gee's complaint under section 473, subdivision (b). Greyhound contends that under section 473, subdivision (b), Gee's motion addressed the issue of failure to pay the transfer fees but did not address Gee's failure to oppose Greyhound's motion to dismiss. Greyhound contends that Gee should have moved for reconsideration of the dismissal pursuant to section 1008, subdivisions (a) and (e), rather than moving for relief under section 473, subdivision (b). Greyhound alleges that because Gee did not address the circumstances that led to the dismissal, Gee's motion failed to comply with the requirements set forth in section 1008. Further, Greyhound argues the trial court abused its discretion by granting Gee's motion to vacate because Gee's motion fails to address the circumstances that led to dismissal.

Gee argues the trial court had jurisdiction to vacate the order dismissing the complaint without prejudice under section 473, subdivision (b). Gee contends section 1008, subdivision (e), applies only to motions for reconsideration, and her motion to set aside the dismissal was not a motion for reconsideration within the meaning of the statute. Based on this, Gee contends the trial court did not abuse its discretion in granting

6

the motion to dismiss under section 473, subdivision (b).  Relief under section 473, subdivision (b), is mandatory when an attorney is at fault.  Finally, Gee contends that Hassan's declaration addressed the issue of non-payment of the transfer fees.

## B.  Analysis

### 1.  Standard of Review

Section 473, subdivision (b), contains provisions for both discretionary and mandatory relief.  (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838-839 (*Even Zohar*); *Benedict v. Danner Press* (2001) 87 Cal.App.4th 923, 927.)

"[I]f the prerequisites for the application of the mandatory provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief." (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612 (*Leader*).) Generally, the applicability of the mandatory provision is limited to those dismissals procedurally equivalent to defaults.  (*Id.* at p. 618.)  The mandatory provision has been held to afford relief from failure to oppose a motion to dismiss.  (*Ibid.*; *Graham v. Beers* (1994) 30 Cal.App.4th 1656, 1660-1661.)  It also provides relief from a judgment of dismissal implementing terminating sanctions for a discovery abuse, because such dismissals are the procedural equivalent of a default.  (*Rodriguez v. Brill* (2015) 234 Cal.App.4th 715, 725.)

Here, as Greyhound notes, the dismissal had the effect of a default resulting in a final judgment in that Gee's entire complaint was dismissed and no action remained pending.[5]  For this reason, the trial court granted Gee's motion based on the mandatory

---

[5]  During oral argument, Greyhound's counsel argued that because section 473 is only applicable to dismissals equivalent to defaults that result in final judgments, the default judgment in *Even Zohar* is distinguishable from the dismissal of plaintiff's case.  This argument lacks merit.  As Greyhound argued in its reply brief, the dismissal of plaintiff's action had the effect of a "final adjudication of the rights of the parties in this action."

provision in section 473, subdivision (b), finding that the default was the result of the attorney's mistake, inadvertence, surprise, or neglect.

The applicability of the mandatory relief provision does not turn on disputed facts and presents a pure question of law subject to de novo review. Accordingly, we agree with Greyhound and review the applicability of section 473, subdivision (b), relief de novo. (*Leader, supra*, 89 Cal.App.4th at p. 612.)

### 2. Required Showing for Relief under section 473, subdivision (b)

In pertinent part, section 473, subdivision (b), provides: "the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment *or dismissal* entered against his or her client, unless the court finds that the default *or dismissal* was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Italics added.) Thus, this provision mandates relief on the basis of an attorney's affidavit where default was caused by the attorney's mistake, inadvertence, surprise, or neglect. (*Even Zohar, supra*, 61 Cal.4th at pp. 838-839; *Leader, supra*, 89 Cal.App.4th at p. 612.) Relief is mandated on the basis of attorney affidavit " '*unless* the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.' The statute clearly involves an assessment of credibility by the trial court. . . . [¶] Credibility is an issue for the fact finder. As we have repeatedly stated, we do not reweigh evidence or reassess the credibility of witnesses. [Citation.] . . . When, as here, 'the evidence gives rise to conflicting reasonable inferences, one of which supports the findings of the trial court, the trial court's finding is conclusive on appeal.' " (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622-623, fn. omitted (*Johnson*).)

8

### 3. Required Showing for Relief under section 1008

Section 1008 applies only to renewed motions after a motion has been ruled upon by the trial court.  Section 1008, subdivision (a), provides:  "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and *based upon new or different facts, circumstances, or law*, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."  (Italics added.)  Section 1008, subdivision (e), provides in pertinent part:  "This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion. . . .  No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section."

"Courts have construed section 1008 to require a party filing an application for reconsideration or a renewed application to show diligence with a satisfactory explanation for not having presented the new or different information earlier."  (*Even Zohar, supra*, 61 Cal.4th at p. 839.)

### 4. The Application of sections 473 and 1008 to Gee's Motion

Greyhound contends that "although [Gee's] motion was styled as a motion for relief from 'mistake, inadvertence, surprise, or excusable neglect,' under section 473(b), rather than a motion for reconsideration, [Gee's] motion was nonetheless in substance a request to revoke a prior order."  Greyhound contends Gee should have brought a section

9

1008 motion to reconsider the court's ruling on Greyhound's motion to dismiss rather than a section 473 motion. We disagree.

The California Supreme Court recently clarified the applicability of and the potential interplay between sections 1008 and 473. (*Even Zohar, supra*, 61 Cal.4th at pp. 840-841.)[6] "Section 1008 expressly applies to all renewed applications for orders the court has previously refused. Section 1008 by its terms '*specifies the court's jurisdiction with regard to . . .* renewals of previous motions, and applies to *all applications . . . for the renewal of a previous motion*, whether the order deciding the previous matter or motion is interim or final. No application . . . for the renewal of a previous motion may be considered by any judge or court unless made according to this section. [Citation.] In contrast, no language in section 473(b) purports to exempt applications for relief from default from the requirements of section 1008. In other words, section *1008 does not restrict initial applications for relief from default under section 473(b) in any way*, nor does section 473(b) purport to authorize unlimited repetitions of the same motion. To interpret the two statutes in this way gives full effect to all provisions of both. Such an interpretation is strongly preferred, as we have explained." (*Even Zohar,* at pp. 840-841,

---

[6] In a petition for rehearing, Greyhound cites Government Code section 68081, contending that we should grant rehearing because it was not given an opportunity to brief *Even Zohar* and that this was a new issue not briefed by any party. We disagree. *Even Zohar* merely provided clarification of the same issue already fairly encompassed by the parties' briefing. Government Code section 68081 does *not* give the parties a right to submit supplemental briefs when an appellate court relies upon authority that was not briefed by the parties: "The parties need only have been given an opportunity to brief *the issue decided by the court*, and the fact that a party does not address an issue, mode of analysis, *or authority* that is raised or fairly included within the issues raised does not implicate the protections of section 68081." (*People v. Alice* (2007) 41 Cal.4th 668, 679, italics added.) We also note that at no point did Greyhound request leave to file a supplemental brief pursuant to California Rules of Court, rule 8.200(a)(4), addressing *Even Zohar*, which was filed on July 20, 2015. Instead, Greyhound merely filed a letter brief on the new authority citing *Even Zohar*. That letter brief was filed on April 14, 2016.

italics added & some italics omitted.)  Thus, once a motion under section 473, subdivision (b), is ruled upon, the party who does not prevail may make application for reconsideration, in which case section 1008 applies.  However, given the Supreme Court's observation that "section 1008 does not restrict initial applications for relief from default under section 473(b) in any way" (*Even Zohar*, at p. 841), Greyhound's argument that Gee's noncompliance with section 1008 deprived the court of jurisdiction to grant relief must be rejected.

Greyhound cites *Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1499, as modified on denial of rehearing on April 3, 1995 (*Gilberd*), for the proposition that "[s]ection 1008 governs reconsideration of court orders whether initiated by a party or the court itself.  'It is the exclusive means for modifying, amending or revoking an order.  That limitation is expressly jurisdictional.' "  However, Greyhound neglects to discuss the procedural posture in *Gilberd*.  There, the defendant filed a motion for summary judgment, and the plaintiff responded by filing a petition for relief from the claim filing requirements under Government Code section 946.6 and a simultaneous motion for leave to file an amended complaint.  (*Gilberd*, at pp. 1497-1498.)  The trial court then granted both of the plaintiff's motions and dismissed the defendant's motion for summary judgment as moot.  (*Id.* at p. 1498.)  The defendant then moved for reconsideration of those rulings and in the alternative, requested a new trial or in further alternative, relief under section 473 for counsel's failure to comply with a local rule about requesting oral argument after a tentative ruling.  (*Gilberd*, at p. 1498.)  The defendant's counsel sought relief under section 473 due to mistake, inadvertence, and excusable neglect, asserting that counsel was in trial that week and that his office had experienced recent and

11

substantial turnover. (*Gilberd*, at p. 1498 & fn. 1.) The trial court granted the defendant's motion for reconsideration and vacated its prior ruling.[7] (*Id.* at p. 1498.)

On plaintiff's appeal, the *Gilberd* court properly reasoned that the defendant's motion was a motion for reconsideration that did not meet the requirements under section 1008 because it was not based on " 'new or different facts, circumstances, or law.' " (*Gilberd, supra*, 32 Cal.App.4th at pp. 1499-1500.) The defendant had asserted new law, contending that the trial court misinterpreted California law in its initial decision and the defendant relied upon " 'different' " law when it reiterated its prior reasoning and authorities for rejecting the appellant's Government Code section 946.6 petition. The defendant also claimed that it had not intended to waive oral argument on the initial motions and this constituted a "new" fact or circumstance sufficient to satisfy the statute. The *Gilberd* court rejected both arguments. (*Gilberd,* at p. 1500.) As for the alternative section 473 motion, the court concluded that the defendant was in fact seeking reconsideration of the trial court's ruling. (*Gilberd*, at pp. 1500-1501.) The court reasoned, "To hold, *under the circumstances presented in this case*,[8] that the general relief mechanism provided in section 473 could be used to circumvent the jurisdictional requirements for reconsideration found in section 1008 would undermine the intent of the Legislature as specifically expressed in section 1008, subdivision (e): 'No application to reconsider any order . . . may be considered by any judge or court unless made according

---

[7] The trial court also vacated its order granting relief pursuant to Government Code section 946.6; denied the plaintiff's Government Code section 946.6 petition, and sustained a demurrer that the defendant filed to the first amended complaint without leave to amend. The trial court apparently never ruled on the section 473, subdivision (b), request for relief. (*Gilberd, supra*, 32 Cal.App.4th at p. 1498.)

[8] In its briefing, Greyhound relied heavily on *Gilberd*. In doing so, Greyhound partially quoted this language from *Gilberd*, twice omitting the court's contextual reference to "under the circumstances presented in this case."

to this section.' " (*Id*. at p. 1501, italics added.) As can be seen by the italicized phrase in the preceding quote, the *Gilberd* court's discussion of the interplay between section 473 and 1008 related to the circumstances of that case. And the circumstances in *Gilberd* were that counsel had sought relief under section 473 for the specific reason that he had not intended to waive oral argument on the trial court's tentative ruling. (*Gilberd*, at p. 1498.)

Here, plaintiff sought relief under section 473 from a dismissal for failure to pay the transfer fees. Accordingly, *Gilberd* has no application here. More importantly, *Gilberd* does not conflict with our high court's recent detailed statutory analysis regarding the interplay between section 473, subdivision (b), and section 1008 in *Even Zohar*.

In its reply brief, for the first time Greyhound cited this court's opinion in *Vandermoon v. Sanwong* (2006) 142 Cal.App.4th 315 (*Vandermoon*), and did so without analysis.[9] *Vandermoon* does not help Greyhound. There, *a full trial* was conducted in the defendants' absence after neither the defendants nor their counsel appeared on the

---

[9] In Greyhound's petition for rehearing, it pointed out that we had not discussed *Vandermoon* in our original opinion. Greyhound provided analysis concerning *Vandermoon* for the first time in its petition. *Vandermoon* is not helpful to Greyhound, and it was not cited in the opening brief but instead was cited for the first time in the reply brief without analysis. We are under no obligation to discuss that case in our opinion. (*People v. Whitney* (2005) 129 Cal.App.4th 1287, 1298 [points raised for the first time in a reply brief will not be considered unless good reasons is shown for the failure to present them earlier]; *People v. Failla* (2006) 140 Cal.App.4th 1514, 1519, fn. 3 [same]; *People v. Adams* (1990) 216 Cal.App.3d 1431, 1441, fn. 2 [failure to raise points in the opening brief deprives respondent the opportunity to answer the argument or can result in delay related to additional briefing]; *People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 ["We discuss those arguments that are sufficiently developed to be cognizable. To the extent [a party] perfunctorily asserts other claims, without development . . . , they are not properly made, and are rejected on that basis"].) Nevertheless, we shall exercise our discretion to discuss *Vandermoon* notwithstanding Greyhound's failure to comply with the rules of appellate procedure.

13

date set for trial. The defendants moved for relief under the mandatory provision in section 473, subdivision (b), on the grounds that their counsel failed to inform them of the trial date. The trial court denied relief on the ground that the motion was not made within a reasonable time, and the judgment was neither a "default" nor a "default judgment" within the meaning of the statute. (*Vandermoon*, at pp. 317-319.) Under these circumstances, on appeal this court properly rejected the "proposition that the uncontested trial in their absence and the resulting judgment was the 'procedural equivalent of a default' and thus subject to the mandate of section 473(b)." (*Vandermoon*, at p. 320.) The *Vandermoon* opinion specifically addressed defaults and default judgments, *not* dismissals under section 473. This court held that "for purposes of the mandatory provision of section 473(b), a 'default' means only a defendant's failure to answer a complaint, and a 'default judgment' means only a judgment entered after the defendant has failed to answer and the defendant's default has been entered." (*Vandermoon*, at p. 321.)

In *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 133-134, as modified on December 27, 2001 (*English*), another case Greyhound first cited in its reply brief,[10] this court reasoned that section 473 did not provide relief where the trial court granted summary judgment after the plaintiff opposed the summary judgment motion on the grounds that she needed more time to complete discovery. There, the trial court declined to grant a continuance of the summary judgment motion on the ground that the plaintiff failed to state what essential facts would have been discovered that would have raised a triable issue of material fact on any of her claims and granted the motion for

---

[10] Although Greyhound provided legal analysis regarding *English* in its reply brief, it did not discuss or even cite that case in its opening brief. Again, we exercise our discretion to address the points raised in Greyhound's reply brief notwithstanding the failure to comply with the rules of appellate procedure. (See fn. 9, *ante*.)

14

summary judgment.  (*English*, at p. 134.)  The plaintiff's counsel then filed a motion under section 473, contending that he had " 'neglected to submit a substantive opposition' to the motion for summary judgment 'based on [his] mistaken belief that he only had to explain why [his] firm had not been dilatory in pursuing the case.' " (*English*, at p. 134.)  Limiting the holding in *English* to summary judgments, this court expressly stated, "[W]e conclude *the mandatory provision of section 473(b) does not apply to summary judgments* because a summary judgment is neither a 'default,' nor a 'default judgment,' nor a 'dismissal' within the meaning of section 473(b)."  (*Id.* at p. 133, italics added.)  Accordingly, "regardless of whether summary judgment was entered against English because of her counsel's mistake or neglect, relief from the judgment was not available to her under the mandatory provision of section 473(b)."  (*Id.* at p. 138.)  In discussing *English*, a leading treatise has noted section 473, subdivision (b), does not provide relief from summary judgment motions because dismissals based on summary judgment are based on a determination of the *merits* and the plaintiff has had his or her day in court.  (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2016) ¶ 5:300, p. 5-84 (Weil & Brown).)

In reviewing the historical evolution of section 473, this court in *English* observed that the reason the Legislature added the word " 'dismissal' " to the mandatory provision of the statute "was the State Bar's conclusion ' "that it is illogical and arbitrary to allow mandatory relief for defendants when a default judgment has been entered against them due to defense counsel's mistakes and to not provide comparable relief to plaintiffs whose cases are *dismissed for the same reason*." ' "  (*English*, *supra*, 94 Cal.App.4th at p. 140, italics added.)  This court went on to observe, "By inserting the word 'dismissal' into the mandatory provision of the statute, the Legislature now required the courts to vacate any 'resulting default' or 'resulting default judgment or dismissal' when the other requirements of the mandatory provision were met."  (*Ibid.*)  This court "construe[d] the word 'dismissal' as having a limited meaning similar to the term 'default judgment.' "

15

(*Id.* at p. 145.) This construction was supported by the history of the mandatory provision, and the purpose of the 1992 amendment, which was to give the plaintiffs the functional equivalent of the default provision for the defendants. (*Ibid.*) "Thus, where a defendant was entitled to mandatory relief from a 'default' or 'default judgment' resulting from attorney mistake, inadvertence, surprise, or neglect, a plaintiff would be entitled to mandatory relief from a 'dismissal' resulting from similar circumstances." (*Ibid.*) Thus, as this court observed in *English*, the word "dismissal" was added precisely to address cases like the instant case, where the dismissal is the functional equivalent of a default for a plaintiff.

In our view, nothing in *English* or *Vandermoon* is discordant with our high court's more recent decision in *Even Zohar*. Furthermore, we view both cases as being in accord with our reasoning in this case. The dismissal here was not a dismissal based on the merits like in *Vandermoon* and *English*; the plaintiff here never had her day in court. (See Weil & Brown, *supra*, ¶¶ 5:299.2, 5:300, pp. 5-82 to 5-84.)

Gee moved to set aside the judgment under section 473, subdivision (b), and was granted relief because of her attorney's error in failing to pay the change of venue fees. Gee's motion was not a renewed motion but an original motion; therefore, section 1008 is inapplicable. Accordingly, we reject Greyhound's assertion that the trial court lacked jurisdiction to grant Gee's motion. Section 473, subdivision (b), can provide relief when an action is dismissed due to a plaintiff's counsel's mistake or inexcusable neglect related to the failure to pay change of venue fees.

## II. Sufficiency of Gee's Showing under Section 473

Greyhound contends that Gee failed to adequately show entitlement to relief under section 473, subdivision (b). Greyhound argues that Gee's motion was "fatally flawed" because Gee "never addressed the circumstances that led to the granting of Greyhound's motion to dismiss." Specifically, Greyhound argues that Gee's motion only focused on

16

the failure to pay the transfer fees and not the failure to respond to Greyhound's motion to dismiss or appear at the hearing on the motion to dismiss.

As we have noted, the trial court does not have discretion to refuse relief under section 473, subdivision (b), if attorney mistake, inadvertence, surprise, or neglect is shown. (*Leader, supra*, 89 Cal.App.4th at p. 612.) "Under this provision, a party will be relieved if a default judgment or dismissal is the result of its attorney's mistake, inadvertence, surprise, or neglect, *without regard to whether the neglect is excusable*." (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 225 (*Henderson*), italics added.)

"The range of attorney conduct for which relief can be granted in the mandatory provision is broader than that in the discretionary provision, and includes inexcusable neglect." (*Leader, supra*, 89 Cal.App.4th at p. 616.) The purposes of the mandatory relief provision is to promote the determination of actions on their merits, to relieve innocent clients of the burden of the attorneys' fault, to impose the burden on the erring attorney, and to avoid the precipitation of additional litigation in the form of malpractice suits. (*Even Zohar, supra*, 64 Cal.4th at pp. 838-839.)

Greyhound contends that the explanation given by Hassan lacks credibility because he did not explain why he ignored the motion to dismiss, the communications Greyhound purportedly sent him, and the court's order directing that Gee pay the transfer fees. Greyhound further contends that because Hassan's explanation lacked credibility, Gee has failed to establish that the explanation was what caused the attorney error.

The trial court's ruling concluding there were grounds for section 473, subdivision (b), relief implies it believed counsel's explanation. Credibility is an issue for the fact finder, and we do not reweigh evidence or reassess the credibility of witnesses. (*Johnson, supra*, 28 Cal.App.4th at p. 622.) At best, the record discloses evidence that gives rise to " 'conflicting reasonable inferences, one of which supports the findings of the trial court.' " (*Id.* at p. 623.) Accordingly, on this point, we defer to the trial court's

17

implied finding of credibility and reject Greyhound's apparent attempt to encourage us to make a different credibility determination. (See *id.* at pp. 622-623.)

Moreover, Gee's counsel's failure to appear at the hearing or otherwise respond to the dismissal motion was not the basis for dismissal identified in Greyhound's motion to dismiss nor was it the basis for the court's ruling. Rather, Greyhound sought dismissal and the court dismissed the complaint because Gee failed to pay the change of venue fees pursuant to court order. Accordingly, it was appropriate for Gee's counsel to focus on the failure to pay the change of venue fees in his declaration to support his motion for relief under section 473, subdivision (b).

Further, the failures Greyhound complains of (i.e., that Gee's counsel ignored Greyhound's communications and notice from the trial court) at best, amount to inexcusable attorney neglect. But as we have noted, mandatory relief under section 473, subdivision (b), does not require that the attorney neglect be excusable. Indeed, inexcusable neglect is precisely the kind of attorney neglect contemplated by the provision for mandatory relief under section 473, subdivision (b). (See *Leader, supra*, 89 Cal.App.4th at p. 616 [reasoning that the mandatory relief provision includes *inexcusable* attorney neglect]; *Henderson, supra*, 187 Cal.App.4th at p. 225 [same].)

Accordingly, Gee's showing for mandatory relief under section 473, subdivision (b), was sufficient, and the trial court did not abuse its discretion in granting relief.

18

**DISPOSITION**

The judgment is affirmed.


      MURRAY      , J.


We concur:


      HULL      , Acting P. J.


      DUARTE      , J.