Filed 6/10/21  Worthy v. Nationstar Mortgage CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT
## DIVISION TWO

| | |
|---|---|
| DERRICK L. WORTHY et al., | |
| Plaintiffs and Appellants, | E074561 |
| v. | (Super.Ct.No. RIC1804860) |
| NATIONSTAR MORTGAGE LLC et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Randall Stamen, Judge.
Affirmed.

Derrick L. Worthy, in pro. per., Tara L. Phillips-Worthy, in pro. per.; Yesk Law and Michael Yesk for Plaintiffs and Appellants.

Troutman Pepper Hamilton Sanders and Jared D. Bissell for Defendants and Respondents.

Plaintiffs and appellants Derrick L. Worthy and Tara L. Phillips-Worthy (Plaintiffs) appeal the denial of their motion for relief from judgment on the ground of intrinsic fraud (Motion).  Plaintiffs filed the Motion after the trial court's dismissal with

1

prejudice of their Second Amended Complaint (SAC) based on the demurrer of defendants and respondents The Bank of New York Mellon, as Indenture Trustee for Nationstar Home Equity Loan Trust 2009-A (BNY Mellon) and Nationstar Mortgage LLC (Nationstar; collectively, Defendants) being sustained without leave to amend.

In June 2008, Nationstar was assigned a loan in the amount of $687,967, which was secured by a deed of trust (DOT) on the real property located at 6734 Havenhurst Street in Corona (Property). The loan had been obtained by Plaintiffs from CTX Mortgage Company LLC (CTX) recorded on July 31, 2007, under loan number 2007-0494794 (Loan). Nationstar assigned the DOT and its rights to BNY Mellon in January 2015. Plaintiffs, the borrowers on the loan, defaulted on their loan obligations in September 2014 and a trustee's sale was set for September 5, 2017. Plaintiffs filed suit in the United States District Court challenging Nationstar's right to foreclose on the Property. The action was dismissed in March 2018. Plaintiffs filed a complaint in state court for quiet title against CTX, which was dismissed. Plaintiffs filed a first amended complaint (FAC) and SAC against Defendants. The SAC was dismissed by the trial court after it granted Defendants' demurrer without leave to amend. Plaintiffs filed their Motion five months after the dismissal of the SAC and it was denied by the trial court both because it was an untimely motion for reconsideration and an improper attempt to reargue the merits of the SAC.

Plaintiffs contend on appeal that the trial court abused its discretion by denying their Motion based on the fact that Defendants obtained a court judgment by fraud; an assignment of deed of trust does not establish or evidence ownership of the note and deed

of trust; the trial court erred by not applying the written law but rather relying on the fact that Plaintiffs were in default on their mortgage debt obligation; and Defendants' failure to file an opposition to the Motion demonstrated that the Motion was meritorious.

## FACTUAL AND PROCEDURAL HISTORY

### A. FIRST AMENDED COMPLAINT AND DEMURRER

On April 23, 2018, Plaintiffs filed their FAC against Defendants. They alleged the FAC was based on violations of California's Rosenthal Fair Debt Collections Act (Rosenthal Act) codified in Civil Code sections 1788 et. seq. Plaintiffs alleged that on July 29, 2007, they received the Loan from CTX. This was consumer debt within the meaning of Civil Code section 1788.2, subdivisions (d) and (f).

In 2014, Plaintiffs had financial trouble and contacted Nationstar in an attempt to obtain a loan modification. Plaintiffs were advised that in order to obtain a loan modification, they had to be at least three months behind on payments. Plaintiffs stopped making payments on the loan in August 2014. On January 21, 2015, Nationstar transferred the DOT to BNY Mellon. At the time, the September 1, 2014, payment was due and Plaintiffs were already in default. On that same day, a notice of default was filed by Defendants.

On August 8, 2017, Plaintiffs requested from Nationstar proof of ownership of their debt. Nationstar responded that the company was owned by Wilmington Trust Company, which then owned the DOT and Loan. Plaintiffs alleged this contradicted the assignment of DOT from Nationstar to BNY Mellon. On August 9, 2017, Defendants filed a notice of trustee's sale.

3

Plaintiffs first cause of action was for violations of the Rosenthal Act. Defendants were debt collectors within the meaning of Civil Code section 1788.2, subdivision (c), and Plaintiffs were debtors within the meaning of section 1788.2, subdivision (h). The loan upon which Defendants were attempting to collect was consumer debt within the meaning of Civil Code section 1788.2, subdivision (f). BNY Mellon did not obtain the loan until it was already in default and could not collect on the debt. Further, BNY Mellon engaged in activity in trying to obtain the loan, which violated both the Rosenthal Act and 15 U.S.C. section 1692 et. seq.

The second cause of action was for a violation of Civil Code section 2924. Plaintiffs alleged that Defendants could only foreclose if they owned a beneficial interest in the DOT and Loan. Defendants had failed to provide a proper chain of title in order to show a right to foreclose. Plaintiffs were entitled to an injunction against the foreclosure sale.

The third cause of action was brought as an unfair business claim pursuant to Business and Professions Code section 17200 (UCL). Plaintiffs alleged Defendants were fraudulently engaged in numerous practices including improper foreclosures, collecting inappropriate fees and other unlawful practices.

Plaintiffs fourth cause of action was for intentional infliction of emotional distress. They argued it was "extreme" and "outrageous" for Defendants to foreclose on Plaintiffs without the legal right to do so. Plaintiffs fifth cause of action was for injunctive relief pursuant to the UCL and Code of Civil Procedure section 526. Plaintiffs sought injunctive relief and damages in the amount of $1,000,000.

Plaintiffs attached several exhibits to the FAC as follows: The assignment of the DOT filed on January 23, 2015 in which Nationstar transferred "all beneficial interest" in the DOT and it referenced the Loan. A letter to Plaintiffs from Defendants regarding ownership of Plaintiffs debt. Nationstar stated, "[O]ur records indicate Wilmington Trust Company, solely as owner Trustee of Nationstar, is the current owner of the Note." Nationstar also informed Plaintiffs that they were 36 payments behind. The notice of default and trustee's sale filed by a company called Veriprise Processing Solutions LLC (Veriprise). The notice of trustee's sale was filed on August 9, 2017. Clear Recon Corp. was performing the sale. The unpaid balance due was $881,208.03.

On September 4, 2018, Defendants demurrer to the FAC was granted on the second, fourth and fifth causes of action without leave to amend. The first and third causes of action were sustained with leave to amend.

B        SECOND AMENDED COMPLAINT

Plaintiffs filed their SAC on October 4, 2018. They alleged three causes of action, which included the violations of the Rosenthal Act, UCL violations and a new cause of action for wrongful foreclosure. Plaintiffs presented essentially the same facts as in the FAC. Plaintiffs additionally alleged that Defendants filed a substitution of trustee on August 14, 2015, appointing Clear Recon Corp. as trustee. Plaintiffs alleged that such transfer was not authorized as Defendants were not the proper beneficiary of the DOT or Loan. On August 24, 2018, the nonjudicial foreclosure sale on the Property occurred. A trustee's deed upon sale was recorded against the Property on August 30, 2018.

5

Plaintiffs again alleged in the first cause of action a violation of the Rosenthal Act. They again alleged that Defendants were debt collectors and Plaintiffs were debtors. Plaintiffs also again alleged violations of 15 U.S.C. section 1692 et. seq., based on the attempts by Defendants to collect the debt from Plaintiffs. Plaintiffs alleged that falsely representing the foreclosure documents were legal was prohibited and a violation of Civil Code section 1788.16. The second cause of action again alleged UCL violations. This included fraudulent acts that impacted both Plaintiffs and other consumers.

The third cause of action in the SAC was a claim of wrongful foreclosure. Plaintiffs alleged that only "creditors" and their authorized agents can enforce a foreclosure. Defendants were debt collectors and not creditors. Defendants foreclosed on the Property without the legal right. The Loan, which Plaintiffs called a consumer credit transaction, was not properly transferred to BNY Mellon. They had no authority to foreclose on the Property. BNY Mellon did not have the authority to enforce the power of sale in the DOT. The foreclosure sale should be found void as a matter of law. The acts of BNY Mellon were malicious since it should have known it did not have the authority to foreclose. Plaintiffs sought injunctive and monetary relief.

Plaintiffs again provided the assignment of the DOT from Nationstar to BNY Mellon. The notice of default and election to sale under the DOT was also provided. Plaintiffs provided for the first time the substitution of trustee wherein BNY Mellon substituted Clear Recon Corp. as trustee. The document listed CTX as the original beneficiary/mortgagee; Nationstar as the servicing agent; and BNY Mellon as the current beneficiary/mortgagee. BNY Mellon, under the authority of the DOT, appointed Clear

Recon Corp. as the successor trustee. Plaintiffs again provided the letter providing that Nationstar was owned by Wilmington Trust Company and the notice of trustee's sale executed by Clear Recon Corp. Plaintiffs also provided the trustee's deed upon sale dated August 15, 2018.

C.    DEMURRER TO SAC

Defendants filed their demurrer to the SAC on November 7, 2018. Defendants alleged that the first and second causes of action were uncertain and not supported by sufficient facts. The third cause of action was improperly added after dismissal of the FAC. No new facts were alleged that were different from the FAC except for the fact the Property was sold on August 14, 2018.

Defendants alleged that Plaintiffs failed to provide that the DOT was transferred from CTX to Nationstar in 2008. Nationstar then transferred the DOT to BNY Mellon in 2015. BNY Mellon then appointed Veriprise as trustee. Veriprise filed the notice of default. BNY Mellon then substituted Clear Recon Corp. as trustee which filed a notice of trustee's sale. At that point, the debt owed was $881, 208.03. There was a proper chain of title, which rendered the underlying factual premise in the SAC not true.

Defendants further alleged that Plaintiffs stopped making payments on September 1, 2014. Plaintiffs filed a first complaint against CTX to quiet title in the Riverside County Superior Court. The lawsuit was dismissed with prejudice on October 23, 2015, and was upheld on appeal in this court.

On August 15, 2017, Plaintiffs filed an action in the United States District Court against Nationstar and Clear Recon Corp. challenging Defendants' right to foreclose on

the Property. Plaintiffs claimed that Nationstar was never the owner of the DOT. Plaintiffs attacked the validity of the transfer from Nationstar to BNY Mellon; they disputed that BNY Mellon was the beneficiary of the DOT. Nationstar was dismissed from the action as the federal court concluded this issue was res judicata based on the first state court action for quiet title filed by Plaintiffs.

The FAC was then filed by Plaintiffs, once again claiming that Nationstar and BNY Mellon were not the proper beneficiaries of the DOT and Loan. Defendants alleged the first and second causes of action in the SAC were the same as those in the FAC; Plaintiffs continued to claim that Nationstar and BNY Mellon had no authority under the DOT. The third cause of action must be dismissed as a new claim.

Defendants alleged that Plaintiffs claims under the Rosenthal Act in the first cause of action were not supported because Defendants had the authority to collect the debt from Plaintiffs. Plaintiffs ignored the 2008 transfer from CTX to Nationstar. Such transfer gave Nationstar the authority to transfer its interest to BNY Mellon. No other facts were presented to support a violation of the Rosenthal Act. Further, no facts were presented to support a claim under the UCL for the second cause of action. No fraudulent conduct had been properly alleged. Further, the third cause of action failed on the merits because it also relied on Defendants not having authority to proceed with the foreclosure.

Defendants filed a request for judicial notice to be considered with the demurrer to the SAC. The request for judicial notice included most of the same documents filed by Plaintiffs with the SAC. This included the DOT and Loan executed by Plaintiffs and

CTX; assignment of the DOT to BNY Mellon by Nationstar recorded on January 23, 2015; the substitution of trustee filed on January 23, 2015, from BNY Mellon to Veriprise; the notice of default filed by Veriprise; the substitution of trustee filed on July 7, 2017, to Clear Recon Corp.; the notice of trustee's sale; and the trustees deed upon sale.

In addition, Defendants attached the assignment of the DOT recorded on July 24, 2008, in which CTX transferred its interest in the DOT to Nationstar. Defendants also provided the original complaint that Plaintiffs filed against CTX for quiet title. The complaint was dismissed. Plaintiffs' appeal to this court was also included, wherein we upheld the dismissal of the complaint on the grounds of an inadequate record. Defendants also included Plaintiffs suit filed against Nationstar and Clear Recon Corp. in the United States District Court. Plaintiffs alleged that Nationstar and Clear Recon Corp. did not have the authority to foreclose on the Property. The opinion of the federal court was included and it found that the issue was res judicata and that the facts did not support Plaintiffs' claims.

D.    OPPOSITION TO THE DEMURRER TO THE SAC AND REPLY

Plaintiffs filed opposition to the demurrer to the SAC on December 24, 2018. Plaintiffs alleged their claims arose from the attempts by Defendants to collect the debt from them and not the foreclosure activity. These attempts involved harassment and threats to foreclose without the authority to foreclose. Plaintiffs argued that res judicata should not apply because Defendants continued to harass them and try to collect the debt. Defendants were not the true creditors but took action against Plaintiffs in violation of the

9

Rosenthal Act. They also alleged that they had proved their UCL claims and wrongful foreclosure based on the law. The cause of action for wrongful foreclosure was supported by the fact that the substitution of trustee was invalid. Further, the UCL cause of action was supported by Defendants threatening to foreclose on the Property, which was improper based on Defendants having no right to take possession of the Property.

Plaintiffs filed opposition to the Defendants' request for judicial notice. Plaintiffs argued that the court could only take judicial notice that the documents provided by Defendants had been recorded but not for the truth of the matters stated in the documents. Further, the complaint against CTX was beyond the scope of the action. Plaintiffs also filed a request for judicial notice requesting that the court take judicial notice of several cases and an "Opinion" of Attorney General Bill Lockyer.

Defendants filed a reply to the opposition to the demurrer to the SAC. Defendants contended that Plaintiffs had lived in the Property for four years without paying on the Loan. This was Plaintiffs third attempt to bring claims under the Rosenthal Act and the UCL. The factual basis in the SAC was the same as all the prior filings.

E.  HEARING ON DEMURRER

The trial court issued a tentative ruling sustaining the demurrer on all three causes of action without leave to amend. It granted Defendants' request for judicial notice. As for the first cause of action for a violation of the Rosenthal Act, the trial court determined that the DOT was transferred from CTX to Nationstar on July 24, 2008. Nationstar, as the beneficiary and assignee, had the authority to assign the DOT to BNY Mellon on January 23, 2015. The substitution of trustee to Veriprise, and then Clear Recon Corp.,

10

were also valid. The trial court found that there was nothing wrong with the recorded documents and Plaintiffs had failed to present facts showing they were improper. The trial court also found that the cause of action "generically" asserted that Defendants had assessed illegal fees and costs, but no facts were included in the SAC to support these claims. The UCL claim also failed for the same reasons the Rosenthal Act was not supported. The third cause of action for wrongful foreclosure also failed on the merits. The documents provided by Defendants permitted them to proceed with nonjudicial foreclosure on the Property.

The hearing on the demurrer to the SAC was held on January 8, 2019. Neither party had requested oral argument. Defendants' counsel was present but Plaintiffs did not appear. The trial court adopted the tentative ruling. On January 9, 2019, Defendants' served Plaintiffs with the notice of ruling on the demurrer. On May 14, 2019, the trial court entered an order of dismissal. The order of dismissal was with prejudice based on the demurrer being sustained without leave to amend.

F.    MOTION FOR RELIEF FROM JUDGMENT

On October 18, 2019, almost five months after the order of dismissal was filed, Plaintiffs filed their Motion. Plaintiffs provided that the case was based on the Rosenthal Act, wrongful foreclosure and UCL. Plaintiffs provided a history of the case indicating they had filed an initial complaint, the FAC and the SAC, which had all been dismissed.

Plaintiffs argued that the Motion was timely pursuant to Code of Civil Procedure section 473, subdivision (b), which they argued must be filed within six months after entry of judgment. Plaintiffs contended they were denied their right of discovery because

11

the SAC was dismissed at the pleading stage and they were denied their right to conduct discovery and investigate the claims against Defendants. Plaintiffs alleged that Defendants deliberately concealed information and filed fraudulent documents to support the demurrer. Plaintiffs recited a history of the selling of loans and the creation of the California Homeowner Bill of Rights. Plaintiffs had a right to sue for wrongful foreclosure on the ground that an assignment of the Loan and DOT was void. Plaintiffs also contended that they had proven a cause of action for a violation of the Rosenthal Act. The assignment of the DOT to Defendants was void because it was done after Plaintiffs defaulted and it was improperly transferred. The assignment of the DOT was insufficient evidence to prove Defendants actually owned Plaintiff's consumer debt. Further, Plaintiffs had shown a cause of action for wrongful foreclosure. Plaintiffs again contended that Defendants were not the proper entities to enforce their debt obligation. The transfer of the DOT without the Loan was void. Plaintiffs had standing to sue on the ground that the trustee's sale was void. Finally, Plaintiffs had adequately shown a UCL claim. They had shown a cause of action based upon the factual allegations underlying their wrongful foreclosure claim.

In conclusion, Plaintiffs stated that they had sufficiently alleged each cause of action to proceed past the pleading stage of litigation. Plaintiffs included an affidavit from Richard A. Kalinoski, who investigated the chain of title for the Property. In his affidavit, Kalinoski claimed to be an attorney licensed in Florida. Kalinoski set forth the history of litigation on the Property and the recorded documents for the Property. Kalinoski opined that CTX "possibly" sold the mortgage loan to someone else before

12

assigning it to Nationstar. As such, the 2008 assignment of DOT to Nationstar was "possibly false and misleading." Further, the 2015 assignment to BNY Mellon was also possibly void. There was no evidence that BNY Mellon had the right to foreclose. Kalinoski concluded that the two assignments of the DOT in 2008 and 2015 contained false information. Plaintiffs made a request for judicial notice with the Motion requesting notice of two court opinions.

The trial court denied the Motion. It found "The Court timely posted its Tentative Ruling on Defendant's Demurrer to Plaintiffs' Second Amended Complaint for the January 8, 2019 hearing of the Demurrer. Plaintiffs did not timely or untimely request oral argument from the Court and did not timely or untimely advise moving party that they wished to orally argue the Tentative Ruling. Plaintiffs did not appear at the January 8, 2019 hearing of the Demurrer. Moving party appeared through its attorney of record via CourtCall. As a result of these actions and inactions, the Court adopted its Tentative Ruling sustaining the Demurrer without leave to amend. [¶] Moving party filed and served a Notice of Ruling on Defendant's Demurrer to Plaintiffs Second Amended Complaint on or about January 9, 2019. The Court entered an Order of Dismissal on May 14, 2019. [¶] As the Legal Argument section of Plaintiffs' Memorandum of Points and Authorities in support of this Motion for Relief from Judgment makes clear, the Motion is an improper attempt by Plaintiffs to reargue the Demurrer to Plaintiffs Second Amended Complaint. The Motion may be also construed as an untimely and improper Motion for Reconsideration of the Court's ruling on the Demurrer to Plaintiffs' Second

13

Amended Complaint." The trial court denied the request for judicial notice and did not rely on Plaintiffs' cases in making its decision to the deny the Motion.

This court ordered on July 20, 2020, that the notice of appeal would be construed as an appeal from the denial of the Motion entered on November 14, 2019.

## DISCUSSION

Plaintiffs did not appeal the dismissal of the SAC after the trial court sustained Defendants' demurrer. Plaintiffs only appeal from the denial of the Motion. Plaintiffs insist that the trial court should have considered the merits of their Motion because they are entitled to equitable relief based on fraud. They had proven fraud in the Motion by presenting Kalinoski's declaration, which had shown fraudulent transfers in the chain of title for the Property. Plaintiffs do not address on appeal that the trial court found the Motion was an untimely motion for reconsideration and an improper attempt by Plaintiffs to reargue the demurrer to the SAC.

As found by the trial court, the Motion was essentially a motion for reconsideration of the demurrer.

Code of Civil Procedure section 1008 provides, "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made

14

before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." Service by mail extends the 10-day period five calendar days. (§ 1013, subd. (a).)

Here, the Motion was filed five months after the entry of dismissal of the Motion and was clearly untimely. Moreover, other courts have found that the filing of a written order of dismissal precludes the trial courts from considering a motion for reconsideration. "A court may reconsider its order granting or denying a motion and may even reconsider or alter its judgment so long as judgment has not yet been entered. Once judgment has been entered, however, the court may not reconsider it and loses its unrestricted power to change the judgment. It may correct judicial error only through certain limited procedures such as motions for new trial and motions to vacate the judgment." (*APRI Ins. Co. v. Superior Court* (1999) 76 Cal.App.4th 176, 181; see also *Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1236.) Plaintiffs Motion, which was essentially a motion for reconsideration, was not properly filed and the trial court's ruling denying the Motion was an appropriate disposition.

Plaintiffs cited to Code of Civil Procedure section 473, subdivision (b), in their Motion. However, the trial court impliedly determined that it did not constitute a motion for relief from default with the meaning of Code of Civil Procedure section 473, subdivision (b). As noted by the trial court, the Motion just reargued the issues in the demurrer to the SAC, and, in fact, it was a reiteration of the arguments made in the state action for quiet title, the suit filed in federal court, and the same claims raised in the FAC.

15

Code of Civil Procedure section 473, subdivision (b), authorizes relief from judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. Relief "shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (Code of Civ. Proc., § 473, subd. (b).) Plaintiffs insisted in the Motion that the trial court could grant relief pursuant to Code of Civil Procedure section 473, subdivision (b), from a judgment obtained by the opposing party's intrinsic fraud.

An order dismissing a complaint may be set aside under Code of Civil Procedure section 473, subdivision (b). (See *Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 481-482, 492.) "[T]he trial court does not have discretion to refuse relief under section 473, subdivision (b), if attorney mistake, inadvertence, surprise, or neglect is shown." (*Id.* at pp. 491-492.) Under Code of Civil Procedure section 473, subdivision (b) relief is discretionary if fraud is shown on the theory that the fraud caused a mistake by the party seeking relief. (*Rice v. Rice* (1949) 93 Cal.App.2d 646, 651.)

The trial court did not address the merits of the Motion to determine whether it raised proper grounds for relief from default, i.e. that the demurrer was granted due to mistake, inadvertence, surprise, or excusable neglect or fraud by Defendants. The trial court found that the Motion was based on Plaintiffs seeking to reargue the merits of the demurrer to the SAC. In the Motion, Plaintiffs provided that the case was based on the Rosenthal Act, wrongful foreclosure and UCL. Plaintiffs argued in the Motion that they had a right to sue for wrongful foreclosure on the grounds that an assignment of the Loan and DOT was void. Plaintiffs also contended that they had proven a cause of action for a

16

violation of the Rosenthal Act. The assignment of the DOT to Defendants was void because it was done after Plaintiffs defaulted and was improperly transferred. Further, Plaintiffs argued they had shown a cause of action for wrongful foreclosure. Plaintiffs again contended that Defendants were not the proper entity to enforce their debt obligation. The transfer of the DOT without the Loan was void. Finally, Plaintiffs claimed they had adequately shown a UCL claim.

All of these claims were raised in the SAC, and all of the prior proceedings. Although Plaintiffs referenced fraud by Defendants, it was the same argument raised in the SAC—that Defendants and Nationstar had not been properly transferred the rights to the DOT and Loan. Plaintiffs alleged that their Motion was authorized by Code of Civil Procedure section 473, subdivision (b), but relied on the same facts and evidence as in the SAC. Plaintiffs did not properly file a motion for relief from default raising adequate grounds for relief.

Finally, we note that Plaintiffs refer to relief being granted on equitable grounds. "After six months from entry of default, a trial court may still vacate a default on equitable grounds even if statutory relief is unavailable." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.) Here, Plaintiffs in their Motion relied on Code of Civil Procedure section 473, subdivision (b), and not equitable relief. Further, the Motion was filed within six months of the entry of judgment. The issue of equitable relief was not properly before the trial court and will not be considered here. As such, the trial court properly denied Plaintiffs' Motion.

17

## DISPOSITION

The judgment is affirmed.  As the prevailing party, respondents are awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

SLOUGH
J.

RAPHAEL
J.

18