Filed 10/1/25 Tseheridis v. Aronas Corp. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| STEVE TSEHERIDIS, as Trustee, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ARONAS CORPORATION et al., <br><br> Defendants and Appellants. | G064657 <br><br> (Super. Ct. No. LLTSB2300160) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of San Bernardino County, Jessica Morgan, Judge. Affirmed.

Brown & Stedman and Edwin B. Brown for Defendants and Appellants.

Law Offices of Darren P. Trone and Darren P. Trone for Plaintiff and Respondent.

\* \* \*

Aronas Corporation (Aronas) and Miranda Brito Santiago (together, Defendants) appeal from an unlawful detainer judgment entered against them following a bench trial. The judgment awards possession of the leased premises, a restaurant, to the landlord, plaintiff and respondent Steve Tseheridis, as trustee of the Tseheridis Family Trust (Plaintiff), along with a monetary award of $71,022.48. Defendants contend substantial evidence does not support the judgment. We disagree and affirm.

FACTS

A reporter's transcript was not prepared. The record of the proceedings at trial is limited to a minute order, a settled statement, and the exhibits that were attached to the unlawful detainer complaint.

In February 2022, Plaintiff as landlord and Aronas as tenant entered into a lease (the Lease) for property located at 17509 Foothill Boulevard, Fontana, California (the Leased Premises.) The Leased Premises included a restaurant. Rent was set at $9,000 per month with increases of $250 per month every three years. In addition to the monthly rent, the Lease had a "profit-sharing" provision requiring Aronas to pay 10 percent of its gross monthly sales to Plaintiff. Santiago, who was the president, director, and shareholder of Aronas, personally guaranteed Aronas's performance under the Lease.

Paragraph 65 of the Lease states: "This Lease contains all the agreements of the parties and cannot be amended or modified except by a written agreement executed by both parties."

At trial, Santiago testified that Plaintiff asked him to reduce his monthly rental payments by about $1,000 and "to divert that money towards the repayment of a loan from Plaintiff." Defendants offered into evidence two applications made by Plaintiff to the California Alcohol Beverage Control

2

Board. Plaintiff had signed both applications under penalty of perjury and they contradicted each other. The trial court overruled objections to the applications. They do not appear in the appellate record.

Plaintiff testified that Aronas "began paying less than the agreed-upon monthly rental amount." Plaintiff brought an unlawful detainer action against Defendants for failure to pay rent.

The trial court found that Plaintiff was entitled to possession of the Leased Premises and awarded Plaintiff damages of $71,022.48, which was comprised of past-due rent, holdover damages, attorney fees, and costs. A statement of decision was not requested or issued. The unlawful detainer judgment was entered in April 2024.

## DISCUSSION

Defendants argue they were not in breach of the Lease because Plaintiff had agreed to a rent reduction of $1,000 per month. Defendants state that although Plaintiff denied agreeing to the rent reduction, his testimony "cannot be trusted" because the two applications presented to the California Alcohol Beverage Control Board "had conflicting information in them about the Restaurant and Aronas."

"Venerable precedent holds that, in a bench trial, the trial court is the 'sole judge' of witness credibility." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 582.) By ruling in favor of Plaintiff, the trial court made an implied finding that Santiago was not credible, and we defer to that finding. (*Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 492.) The two applications presented to the California Alcohol Beverage Control Board are not in the appellate record so we cannot consider them.

In addition, the Lease has an integration clause (paragraph 65) which states that the Lease could not be amended or modified except by a

written agreement executed by both parties. Oral modifications to the Lease were therefore prohibited except to the extent an oral modification had been executed; that is, fully performed. (*LGCY Power, LLC v. Superior Court* (2022) 75 Cal.App.5th 844, 868; see Civ Code, § 1698, subd. (b).) The record contains no evidence the asserted rent reduction agreement had been executed.

Defendants argue the profit-sharing provision was ambiguous and unconscionable. We need not address that argument because the trial court did not award damages under the profit-sharing provision.

## DISPOSITION

The judgment is affirmed. Plaintiff may recover costs incurred on appeal.


SANCHEZ, ACTING P. J.

WE CONCUR:


DELANEY, J.


BANCROFT, PROTEM, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.