Filed 9/23/25  Shetty v. The Bank of New York Mellon CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SATISH SHETTY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON,<br><br>    Defendant and Respondent. | H050525<br>(Santa Cruz County<br>Super. Ct. No. 16CV03022) |
| SATISH SHETTY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LAW OFFICES OF LES ZIEVE,<br><br>    Defendant and Respondent. | (Santa Cruz County<br>Super. Ct. No. 21CV00052) |

Plaintiff Satish Shetty's consolidated civil actions against defendant The Bank of New York Mellon (the bank) and defendant Law Offices of Les Zieve (the law office) were dismissed after the trial court granted terminating sanctions for Shetty's repeated failure to comply with discovery orders.  Shetty thereafter filed a motion to vacate the judgment of dismissal under Code of Civil Procedure section 473, subdivision (b)[1] (section 473(b)) based on an admission of fault by his counsel.  The court denied the motion.

---

[1] Unspecified statutory references are to the Code of Civil Procedure.

On appeal, Shetty contends that the trial court erred in denying his motion to vacate the judgment of dismissal.  He argues that his counsel's declarations of fault were sufficient to entitle Shetty to mandatory relief under section 473(b).

As we will explain, we will affirm the judgment of dismissal because Shetty's appeal does not raise any issue contained within the judgment.  Regarding the postjudgment order denying Shetty's motion to vacate the judgment, for reasons that we will explain, we will affirm the order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Shetty filed separate civil actions against the bank and the law office.[2]  According to Shetty, both civil actions pertained to a foreclosure on his home.  The two actions were eventually consolidated by the trial court for all purposes.

### A.  *The First Set of Discovery Motions and the Trial Court's March 2021 Orders*

The bank propounded written discovery on Shetty, including form and special interrogatories and document requests.  Despite the bank's attempts to meet and confer with Shetty's counsel, no discovery responses were provided to the bank.

The bank filed motions to compel discovery responses and requested monetary sanctions.  By written orders filed in March 2021, the trial court granted the motions to compel, ordered Shetty to provide verified responses within 15 days, and ordered him to pay monetary sanctions to the bank.

### B.  *The Second Set of Discovery Motions and the Trial Court's September 2021 Order*

In March 2021, Shetty informed the bank that he intended to represent himself in the action.  The bank provided Shetty with copies of the outstanding discovery.  Shetty failed to comply with the trial court's March 2021 orders requiring him to provide discovery

---

[2] The civil actions were originally filed in Los Angeles County Superior Court. Venue in each case was later transferred to Santa Cruz County Superior Court.

responses and failed to pay the ordered monetary sanctions. The bank filed a motion for terminating sanctions or, in the alternative, for issue, evidentiary, and monetary sanctions.

The trial court by written order filed in September 2021, ordered Shetty to provide responses within 15 days to the discovery that was the subject of the court's March 2021 orders. The court also stayed "further proceedings" by Shetty until he "obeyed" the March 2021 orders. Shetty was further ordered to pay monetary sanctions.

### C. *The Third Set of Discovery Motions and the Trial Court's December 2021 and January 2022 Orders*

The law office propounded written discovery on Shetty, including special interrogatories, document requests, and a request for admissions. After Shetty informed the law office that he intended to represent himself in the litigation, the law office provided Shetty with another copy of the discovery and additional time to respond. Shetty failed to provide any response.

The law office filed motions to compel discovery responses and requested monetary sanctions. New counsel for Shetty (second counsel) appeared at the hearing on the motion in October 2021.[3] Upon a request by Shetty's new counsel, the court granted a continuance of the hearing.

The law office provided Shetty's new counsel with copies of the outstanding discovery. By the time of the continued hearing in December 2021, Shetty still had not provided any response to the outstanding discovery propounded by the law office. Shetty's counsel apparently indicated to the court that he would provide responses by the end of the week, that is, by December 10, 2021. The court ordered Shetty to provide verified

---

[3] A substitution of attorney form, signed by Shetty and his new counsel (second counsel) on November 5, 2021, was not served and filed until April 21, 2022. On the latter date, Shetty also filed a notice of association of additional counsel (third counsel) to represent him in addition to the counsel identified on the substitution of attorney form (second counsel).

3

responses by December 13, 2021, to avoid sanctions. The discovery motions were continued to a further date.

Shetty thereafter produced documents to the law office, but he did not provide verified written responses to the outstanding discovery. At the continued hearing in January 2022, the trial court granted monetary sanctions.

**D. *The Fourth Set of Discovery Motions and the May 2022 Judgment of Dismissal***

In March 2022, the bank and the law office filed a motion for terminating sanctions and dismissal of Shetty's civil action based on his failure to comply with the trial court's prior discovery orders. Specifically, regarding discovery propounded by the bank, Shetty (1) failed to provide responses to any of the bank's written discovery and (2) failed to pay any of the monetary sanctions. Regarding discovery propounded by the law office, Shetty (1) failed to provide any special interrogatory responses; (2) provided only unverified responses to the document requests, form interrogatories, and request for admissions; and (3) failed to pay any of the monetary sanctions.

Shetty did not file written opposition to the motion. However, his second and third counsel appeared at the hearing on the motion.

By written order filed in May 2022, the trial court granted the motion and dismissed Shetty's operative pleadings against the bank and the law office. A judgment of dismissal was subsequently filed in favor of the bank and the law office.

**E. *Shetty's Motion to Vacate the Judgment of Dismissal***

Shetty filed a motion to vacate the judgment on the ground that his second counsel admitted fault in failing to respond to the discovery and in failing to file opposition to the motion for terminating sanctions. Shetty contended that he was entitled to mandatory relief from the dismissal under section 473(b).

In support of the motion, Shetty provided a declaration from his second counsel. Counsel stated that he "was confused by the court record" in the action against the bank. He thought terminating sanctions had already been granted in that action in September 2021.

4

After realizing his mistake, he contacted Shetty in February 2022, regarding preparing discovery responses. Regarding the discovery propounded by the law office, Shetty's counsel stated that he sent "partial responses to defense counsel" in early January 2022. According to Shetty's counsel, the responses were not verified because Shetty was ill. Counsel stated that Shetty eventually sent the verifications, but counsel "lost track of them in [counsel's] extensive email correspondence." Counsel admitted that he received the March 2022 motion for terminating sanctions, that he did not complete the discovery responses, and that he did not oppose the motion.

The bank and the law office filed written opposition. They contended that Shetty failed to provide verified discovery responses with his motion to vacate the judgment, and therefore he was not entitled to relief under section 473(b). The bank and the law office also argued that Shetty's failure to comply with his discovery obligations began prior to the time of second counsel's representation of Shetty. Consequently, according to the bank and the law office, second counsel's claim of fault was insufficient to support relief under section 473(b). Further, the bank and the law office contended that mandatory relief was not available under section 473(b) if the dismissal was the result of counsel deciding not to respond to discovery or to oppose a motion for terminating sanctions.

In reply, Shetty contended that when his second counsel became involved in the case in October 2021, there was still time for Shetty to comply with the discovery orders and provide complete responses. If second counsel had provided the discovery responses, there would have been no basis for the motion for terminating sanctions. Counsel also failed to oppose the motion for terminating sanctions. Because "the last act and cause for the dismissal were [second counsel's] error, for which he provide[d] his affidavit of fault," Shetty argued that the judgment of dismissal should be vacated.

In a declaration attached to Shetty's reply, second counsel stated that it was his fault, not Shetty's, that complete discovery responses were not provided to the bank and the law office after second counsel became involved in the case in October 2021.

5

**F.** *The Trial Court's Order Denying Shetty's Motion to Vacate the Judgment*

By written order filed in October 2022, the trial court denied the motion to vacate the judgment of dismissal. The court found that Shetty failed to provide verified discovery responses either with his motion to vacate or by the time of the hearing on the motion. The court further found that it was Shetty's failure, not second counsel's failure, to comply with the March 2021, September 2021, and January 2022 orders "that has resulted in the subject motion." Lastly, the court determined that relief was not available under section 473(b) for a deliberate failure to respond to discovery or to oppose discovery motions.

Shetty filed a notice of appeal.

## II. DISCUSSION

**A.** *Judgment of Dismissal*

Shetty's notice of appeal states that he is appealing from the judgment of dismissal. However, in his opening brief on appeal, Shetty does not raise any issue concerning the judgment of dismissal or the underlying order granting terminating sanctions.

Instead, in his opening brief on appeal, Shetty raises a claim of error concerning only the trial court's postjudgment order denying his motion to vacate the judgment. Shetty's notice of appeal includes a copy of this postjudgment order. (See *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137 [explaining that an order under § 473 denying a motion to vacate a default judgment is appealable as an order after final judgment].)

In their responding brief on appeal, the bank and the law office contend that the court (1) properly imposed terminating sanctions and dismissed Shetty's consolidated actions and (2) properly denied his motion to vacate the judgment.

As Shetty does not raise any issue on appeal regarding the trial court's judgment of dismissal, we determine that he has failed to show reversible error regarding the judgment of dismissal. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*) [explaining that "a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate . . . that the trial court committed an error that justifies reversal of the

6

judgment"].) We therefore turn to the question of whether Shetty has shown reversible error concerning the postjudgment order denying his motion to vacate the judgment of dismissal under section 473(b).

**B.** *Postjudgment Order Denying Motion to Vacate Judgment of Dismissal*

**1. Mandatory relief under section 473(b)**

"Section 473(b) contains two distinct provisions for relief from default" or dismissal. (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838 (*Even Zohar Construction*).) One provision sets forth mandatory relief and the other sets forth discretionary relief.[4] (*Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 484 (*Gee*).)

In this case, Shetty did not seek discretionary relief in the trial court, and he does not argue in his opening brief on appeal that he was entitled to discretionary relief. We therefore only address whether he was entitled to mandatory relief.

The mandatory relief provision of section 473(b) states as follows: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or

---

[4] The differences between the discretionary relief and mandatory relief provisions include: "(1) the mandatory relief provision is narrower in scope insofar as it is only available for defaults, default judgments, and dismissals, while discretionary relief is available for a broader array of orders [citations]; (2) the mandatory relief provision is broader in scope insofar as it is available for inexcusable neglect [citation], while discretionary relief is reserved for 'excusable neglect' [citations]; and (3) mandatory relief comes with a price—namely, the duty to pay 'reasonable compensatory legal fees and costs to opposing counsel or parties' [citation]." (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 438, italics omitted (*Martin Potts*).)

dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473(b).)

"The general underlying purpose of section 473(b) is to promote the determination of actions on their merits. [Citation.] The additional, more specific purposes of section 473(b)'s provision for relief based on attorney fault is to 'relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits.' [Citations.]" (*Even Zohar Construction*, *supra*, 61 Cal.4th at p. 839.)

" '[I]f the prerequisites for the application of the mandatory provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief.' [Citation.]" (*Gee*, *supra*, 6 Cal.App.5th at p. 484.) In other words, "a trial court is obligated to set aside a default, default judgment, or dismissal[5] if the motion for mandatory relief (1) is filed

---

[5] Mandatory relief is available under section 473(b) for a "dismissal" or a "default judgment" entered against a party. "There are two lines of cases concerning the interpretation of 'dismissal' and 'default judgment' in section 473, subdivision (b). The first line of cases holds that 'dismissal and 'default judgment' mean only that, and should not be expanded to include other judgments. [Citation.]" (*The Urban Wildlands Group, Inc. v. City of Los Angeles* (2017) 10 Cal.App.5th 993, 998 (*Urban Wildlands Group*); see *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1817 [concluding that section 473(b) is " intended to reach only those dismissals which occur through failure to oppose a dismissal motion—the only dismissals which are procedurally equivalent to a default"].) "The second line of cases offers a broader definition and applies the mandatory relief provisions to judgments that are the procedural equivalents of defaults, default judgments, or dismissals. [Citations.]" (*Urban Wildlands Group*, *supra*, 10 Cal.App.5th at p. 998.) Relevant to this appeal, in *Rodriguez v. Brill* (2015) 234 Cal.App.4th 715 (*Rodriguez*), the appellate court held that "dismissals entered as a terminating sanction for discovery abuse" qualifies as a dismissal within the meaning of section 473(b), and therefore mandatory relief may be available under the statute. (*Id.* at p. 726; *see id.* at pp. 719, 725.)

We need not resolve whether the terms "dismissal" and "default judgment" in section 473(b) should be narrowly or broadly construed. Here, even assuming Shetty may properly seek relief under section 473(b) from the judgment of dismissal that resulted from a terminating sanction for discovery abuse, as we will explain we determine that he failed to satisfy another prerequisite for relief under section 473(b).

8

within six months of the entry of judgment, (2) 'is in proper form,' (3) is accompanied by the attorney affidavit of fault, and (4) demonstrates that the default or dismissal was 'in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.'[6] [Citation.]" (*Martin Potts*, *supra*, 244 Cal.App.4th at p. 443.)

However, relevant here, to be eligible for mandatory relief, the moving party's application must be "in proper form." (§ 473(b).) "[P]roper form" in the current context has been interpreted "to mean that, when relief is sought from a terminating sanction imposed for failing to provide discovery responses, the application must be accompanied by verified responses to the discovery in question." (*Rodriguez*, *supra*, 234 Cal.App.4th at p. 729.)

"The purpose of the proper form requirement 'is to compel the delinquent party to demonstrate his or her good faith and readiness to proceed on the merits,' and to ensure that 'courts do not become " ' "a sanctuary for chronic procrastination and irresponsibility on the part of either litigants or their attorneys" ' " . . . .' [Citation.] The mandate 'supports " 'policies [which] favor getting cases to trial on time, avoiding unnecessary and prejudicial delay, and preventing litigants from playing fast and loose with the pertinent legal rules and procedures.' " ' [Citation.] 'These policies apply with even greater force when mandatory relief is being sought.' [Citation.] 'Because relief under the mandatory provision must be granted when the requisites of the statute are met, a trial court would have little or no ability to curb abuses if a proposed answer [or other relevant document] were not required. An attorney could repeatedly miss deadlines . . . , and the trial court would be required to excuse resulting defaults so long as the attorney confessed fault on each occasion. Such an

---

[6] There is a split in authority regarding whether mandatory relief is available under section 473(b) only if counsel was " 'the *sole* cause of the default or dismissal,' " or whether relief is also available if counsel was " 'a cause in fact' " but " 'not . . . the *only* cause.' " [Citations.]" (*Rodriguez*, *supra*, 234 Cal.App.4th at pp. 727-728.) We need not resolve this issue. Here, even assuming the dismissal was in fact solely caused by Shetty's counsel, as we will explain we determine that Shetty fails to meet another prerequisite of section 473(b).

9

interpretation would undermine the purposes' of the mandatory relief provision. [Citation.]" (*Jimenez v. Chavez* (2023) 97 Cal.App.5th 50, 63-64 (*Jimenez*); see *id.* at p. 54 [holding that the motion for relief "was not 'in proper form' . . . because it was unaccompanied by a proposed responsive pleading"]; *Rodriguez, supra*, 234 Cal.App.4th at p. 729.)

Consequently, "an attorney's application for mandatory relief would be in proper form if verified discovery responses are served on or before the motion for relief is served." (*Rodriguez, supra*, 234 Cal.App.4th at p. 729.) Alternatively, it has been held that "substantial compliance" with this requirement may be "demonstrated if, at or before the hearing on the motion for relief, the moving party has served a copy of verified discovery responses on opposing counsel." (*Ibid.*) Service of verified discovery responses "would demonstrate a willingness and ability to comply with discovery requests and related orders," would "demonstrate that pending discovery would not be a source of further delay," and would "indicate[] the moving party's readiness to proceed on the merits." (*Ibid.*)

### 2. Standard of review

" ' "[I]f the prerequisites for the application of the mandatory provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief." ' [Citation.] 'Thus, to the extent that the applicability of the mandatory relief provision does not turn on disputed facts, but rather, presents a pure question of law, it is subject to de novo review. [Citation.] Where the facts are in dispute as to whether or not the prerequisites of the mandatory relief provision of section 473, subdivision (b), have been met, we review the record to determine whether substantial evidence supports the trial court's findings.' [Citations.]" (*Talbott v. Ghadimi* (2025) 109 Cal.App.5th 967, 977; accord, *Bailey v. Citibank, N.A.* (2021) 66 Cal.App.5th 335, 348; *Rodrigues v. Superior Court* (2005) 127 Cal.App.4th 1027, 1032.)

### 3. Analysis

Shetty contends that the trial court erred in denying his motion to vacate the judgment of dismissal. He argues that the court incorrectly determined that he was the sole

cause of the dismissal, and that the court erred by not considering whether his counsel may have contributed to the dismissal. Shetty contends that the undisputed evidence, consisting of two declarations from his second counsel, established that his second counsel was solely responsible for the dismissal or, at a minimum, was partially responsible along with Shetty for the dismissal. Shetty contends that under these circumstances, he was entitled to mandatory relief under section 473(b).

We determine that Shetty fails to meet his burden on appeal to show reversible error. (*Jameson*, *supra*, 5 Cal.5th at p. 609 [explaining that "the burden is on an appellant to demonstrate . . . that the trial court committed an error that justifies reversal of the judgment"].)

First, in his opening brief on appeal, Shetty acknowledges that the trial court had three reasons for denying his motion to vacate the judgment. Those three reasons were: (1) Shetty failed to provide verified discovery responses either with the motion to vacate the judgment, or by the time of the hearing on the motion; (2) Shetty, not his counsel, was at fault for the circumstances that led to the motion for terminating sanctions; and (3) relief under section 473(b) is not available for sanctions arising from the deliberate failure to respond to discovery or to oppose a discovery motion. On appeal, Shetty only addresses the court's second reason for denying the motion to vacate the judgment. However, even assuming the court was wrong regarding its second reason (an issue we need not and do not decide here), Shetty fails to show error with respect to the two other separate bases for the court's denial of his motion. Shetty thus fails to meet his burden of showing reversible error. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.)

Second, we determine that the trial court did not err in denying the motion to vacate the judgment based on Shetty's failure to provide verified discovery responses. Shetty failed to provide verified discovery responses either with the motion or, assuming substantial compliance is sufficient for relief under section 473(b), Shetty failed to provide

verified discovery responses by the time of the hearing on the motion. (*Rodriguez*, *supra*, 234 Cal.App.4th at p. 729; see *Jimenez*, *supra*, 97 Cal.App.5th at pp. 54, 63-64.)

In sum, Shetty fails to establish that the trial court committed reversible error in denying his motion to vacate the judgment of dismissal.

### III. DISPOSITION

The judgment of dismissal is affirmed. The postjudgment order denying the motion to vacate the judgment is affirmed.

_____

Greenwood, P. J.

WE CONCUR:

_____

Grover, J.

_____

Lie, J.

H050525 - Shetty v. The Bank of New York Mellon et al.